IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KATHIE CUTRER, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CA No. 4:18-cv-00159-O |
| § | |
| TARRANT COUNTY LOCAL WORKFORCE § | |
| DEVELOPMENT BOARD D/B/A TARRANT § | |
| COUNTY WORKFORCE SOLUTIONS [*SIC*], § | |
| AND INSPERITY, INC., § | |
| § | |
| DEFENDANTS. § | |

**WORKFORCE SOLUTIONS' MOTION TO COMPEL AND MEMORANDUM IN SUPPORT**

## MOTION

Pursuant to *Fed. R. Civ. P.* 37(a)(3)(B) and 37(a)(5), Defendant respectfully moves to compel the following:

- Verification of Plaintiff's putative answers to Defendant's *First Interrogatories*; and

- A full, complete, supplemental answer to Interrogatory No. 7 of Defendant's *First Interrogatories* (seeking identification of Plaintiff's health care providers);[1] and

- Full, complete, supplemental production of documents in response to Defendant's Request No. 8 of Defendant's *First Requests for Production* (seeking production of Plaintiff's medical records); and

- Full, complete, answers to Defendant's *Second Interrogatories*—still unanswered nearly six months after they were first served—without objections (all of which, if any, have been waived); and

---

[1] So Defendant can subpoena relevant medical records.

1

- Responses to and full, complete document production called for by Defendant's *Second Requests for Production*—also still unanswered nearly six months after they were first served—without objections (all of which, if any, have been waived).

The motion is based on the following grounds.

### I.

### PLAINTIFF HAS FAILED TO VERIFY HER INITIAL INTERROGATORY RESPONSES DESPITE NUMEROUS REQUESTS FOR VERIFICATION.

In January, Defendant served a first set of interrogatories and requests for production on Plaintiff. After having been afforded multiple extensions of time in which to respond, on February 27, 2020, Plaintiff served unverified responses to the interrogatories.[2] App. Ex. 1.[3] Despite repeated requests for verification of the responses, no verification has been provided.

### II.

### DESPITE REPEATED REQUESTS, PLAINTIFF HAS FAILED/REFUSED TO SUPPLEMENT HER ANSWER TO INTERROGATORY NUMBER 7, SEEKING INFORMATION CONCERNING HER MEDICAL HISTORY AND TREATMENT.

Interrogatory No. 7 in the first set of interrogatories seeks information concerning Plaintiff's medical history and treatment (*id.*, pp. 6-7)—all plainly relevant to Plaintiff's claims of disability discrimination, failure to provide reasonable accommodation, and damages for mental anguish. *See, e.g., Talley v. Spillar*, 2017 WL 9288622, at 3 (W.D. Tex. Mar. 31, 2017) ("[C]ourts considering the issue have generally found that the identities of health providers, the dates of treatment and the nature of the treatment are relevant to claims for emotional distress damages."); *EEOC v. Methodist Hosps. of Dallas*, 2016 WL 10703743, at

---

[2] The putative responses also failed to bear a Rule 11 and Rule 33(b)(5) signature of counsel.

[3] Unless otherwise indicated, references to exhibits are to the exhibits contained in the *Appendix* of exhibits being concurrently filed.

**2**

2 (N.D. Tex. June 15, 2016) ("[T]his Court has previously held that medical records are discoverable in discrimination cases where damages for mental anguish are sought."); *Anderson v. Georgia-Pacific Wood Products, LLC*, 2012 WL 2998344, at 4 (M.D. Ala. July 23, 2012) (ordering production of disability discrimination plaintiff's medical and mental health records) *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 471 (N.D. Tex. 2005). Additionally, Plaintiff is not entitled to back pay during any period in which she has been medically unable to work. *See, e.g., Gamboa v. Henderson*, 240 F.3d 1074 (5th Cir. 2000) ("[back pay] damages strike us as inappropriate if the plaintiff claims that she is unable to work because she is disabled."); *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir.1993) (denying back pay for period during which plaintiff was disabled); *Walston v. School Bd.*, 566 F.2d 1201, 1206 (4th Cir. 1977) ("she may not recover for the school year during which she was pregnant and unable to teach"); *Nofles v. State Farm Mut. Auto. Ins. Co.*, 101 F.Supp.2d 805, 820 (E.D. Mo. 2000) (plaintiff could not recover back pay for period during which she was unable to work because of disability).

In her original, unsworn putative answer to Interrogatory No. 7 (App. Ex. 1, p. 7), Plaintiff stated: **"The Plaintiff will also supplement with a chronological detail of her visits"**—yet, no such supplementation has been made.

Additionally, in recent filings (*e.g.,* Docket Nos. 42, 46, 47, 53, and 54) Plaintiff has sought multiple extensions of time in which to respond to Defendant's pending motion for summary judgment, an indefinite continuance of the lawsuit, and other relief—all based in substantial part on plaintiff's alleged medical condition over the past six months, including surgery and purported administration of narcotic pain medication which has supposedly left her incoherent. Numerous representations concerning Plaintiff's medical condition were also made on the record in open court during the recent hearing on August

**3**

14th. Plaintiff has never provided the chronology of medical care promised in her putative answer served more than six months ago. Additionally, under *Fed. R. Civ. P.* 26(e), Plaintiff is under a duty to supplement her response to Interrogatory No. 7 with medical information *since* February 27th. However, despite repeated requests for supplementation—more than a dozen—Plaintiff has failed/refused to provide a supplemental response to Interrogatory No. 7.[4]

### III.

**DESPITE REPEATED REQUESTS, PLAINTIFF HAS LIKEWISE FAILED/REFUSED TO SUPPLEMENT HER DOCUMENT PRODUCTION WITH SUBSEQUENT MEDICAL RECORDS.**

Similarly, Request for Production No. 8 (Docket No. 2, pp. 18-19) requested production of Plaintiff's medical records. Despite repeated requests, Plaintiff has failed/refused to make supplemental production of her medical records since February 27, 2020.[5]

### IV.

**PLAINTIFF HAS FAILED/REFUSED TO PROVIDE ANSWERS TO SECOND INTERROGATORIES AND SECOND REQUESTS FOR PRODUCTION *SERVED NEARLY SIX MONTHS AGO*.**

On March 3, 2020, Defendant served a second set of interrogatories and requests for production on Plaintiff. App. Exs. 3 and 4.

Now, nearly six months later and despite repeated requests for responses—made on, *e.g.*, August 2, 5, 20, 21, 24, and 25—Plaintiff has failed to answer *any*

---

[4] In this regard, Plaintiff has also failed to provide the Court with any specific medical evidence to support her recent requests for relief, despite promising the Court during the hearing nearly two weeks ago that such evidence would be forthcoming.

[5] Plaintiff's responses to Defendant's *First Requests for Production* also failed to contain a Rule 11 signature of Plaintiff's counsel.

**4**

of the interrogatories or respond to *any* of the requests for production. Accordingly, all objections to the discovery requests have been waived.

Additionally, responses to these interrogatories and requests for production are particularly important and relevant given that Plaintiff was allowed to withdraw her deemed admissions. Specifically, one of the objectives of Defendant's *Requests for Admission* was to seek verification of documents relevant to Defendant's failure-to-exhaust-administrative-remedies ground for summary judgment. For example, the *Requests* sought acknowledgement that a draft *Charge of Discrimination* containing Plaintiff's retaliation allegations and sent by the EEOC to Plaintiff's counsel for Plaintiff's signature was never signed and returned to the EEOC. <u>*After initially admitting those facts in responses Plaintiff filed with the Court on July 31 (Docket No. 47)*</u>, in Plaintiff's latest responses to the *Requests for Admission* (App. Exs. 6 and 8) Plaintiff makes inconsistent objections to one of the requests and denies the remainder.[6]

---

[6] Pursuant to the Court's *Order* (Docket No. 60) which "undeemed" Plaintiff's admissions *in toto* and allowed Plaintiff to serve new responses, on August 20 Plaintiff initially served responses riddled with wholly improper objections and which neither admitted nor denied most of the requests. App. Ex. 6. After these deficiencies and improprieties were pointed out to Plaintiff's counsel (App. Ex. 7), on August 25 Plaintiff served "amended" responses. App. Ex. 8.

| DOCKET NO. 47 (07/31/20) | APP. EX. 6 (08/20/20) | APP. EX. 8 (08/25/20) |
|---|---|---|
| **REQUEST NO. 21**<br>The DRAFT CHARGE is not a PERFECTED Charge.<br>RESPONSE: Admit | **REQUEST NO. 21**<br>The DRAFT CHARGE is not a PERFECTED Charge.<br>RESPONSE: Plaintiff objects to the document attached as "Draft Charge" because the document cannot be authenticated, is not self-authenticating, and is apparently part of a much larger document, which was not provided to Plaintiff. | **REQUEST NO. 21**<br>The DRAFT CHARGE is not a PERFECTED Charge.<br>RESPONSE: Deny. The term "Perfected" was not defined in any document provided by the EEOC. The signing of a government document is implicitly subject to affirmation under the Texas Penal Code and the laws of the United States. |
| **REQUEST NO. 22**<br>You never signed the DRAFT CHARGE.<br>RESPONSE: Admit | **REQUEST NO. 22**<br>You never signed the DRAFT CHARGE.<br>RESPONSE: Deny. | **REQUEST NO. 22**<br>You never signed the DRAFT CHARGE.<br>RESPONSE: Deny. |
| **REQUEST NO. 23**<br>You never PERFECTED the DRAFT CHARGE.<br>RESPONSE: Admit | **REQUEST NO. 23**<br>You never PERFECTED the DRAFT CHARGE.<br>RESPONSE: Deny. | **REQUEST NO. 23**<br>You never PERFECTED the DRAFT CHARGE.<br>RESPONSE: Deny. |
| **REQUEST NO. 24**<br>The DRAFT CHARGE remains an UNPERFECTED Charge.<br>RESPONSE: Admit | **REQUEST NO. 24**<br>The DRAFT CHARGE remains an UNPERFECTED Charge.<br>RESPONSE: Deny. | **REQUEST NO. 24**<br>The DRAFT CHARGE remains an UNPERFECTED Charge.<br>RESPONSE: Deny. |

When the *Requests for Admission* were initially served, in anticipation that Plaintiff might improperly attempt to deny obvious, self-evident facts, Defendant simultaneously served the *Second Interrogatories* and *Second Requests for Production*. App. Exs. 3 and 4. Apropos to the forgoing example regarding the draft retaliation charge, Interrogatory No. 22 (App. Ex. 3, p. 24) asked:

> If you contend you perfected a Charge against Defendant of unlawful retaliation under the ADA, state the facts and basis on which you make such contention, including, *e.g.*, the document which you contend constitutes a perfected Charge, the date of filing and identity of the agency with which you claim to have filed the Charge, the Charge/claim number assigned to the Charge by the governmental agency responsible for processing the Charge, the date on which you signed any such Charge under oath or made verification of the Charge subject to the penalty of perjury, *etc.*

Similarly, Request for Production No. 42 (App. Ex. 4, p. 29) asked for production of:

> All documents, if any, which you contend constitute a PERFECTED Charge against DEFENDANT of unlawful retaliation under the ADA.

Given Plaintiff's current denials of many of the Requests for Admission, proper responses to the interrogatories and document production are essential. Yet, nearly six months after service of the discovery requests and after repeated requests for responses, Plaintiff has consistently failed/refused to answer the discovery.

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, Defendant respectfully requests that Plaintiff be ordered to forthwith:

- ➢ Provide verification of her putative answers and a Rule 11 signature of counsel to Defendant's *First Interrogatories*;

- ➢ Provide a full, supplemental answer to Interrogatory No. 7 of Defendant's *First Interrogatories* to include a chronology of her medical treatment both before and since February 27, 2020;

7

- ➢ Supplement her production of documents in response to Request No. 8 of Defendant's *First Requests for Production* by providing her medical records since February 27, 2020;

- ➢ Fully answer, without any objections, Defendant's *Second Interrogatories*;

- ➢ Respond without any objections to Defendant's *Second Requests for Production* and produce all responsive documents.

Additionally, pursuant to *Fed. R. Civ. P.* 37, Defendant should be awarded reasonable attorney fees and costs incurred in connection with prosecution of this motion. Defendant requests seven (7) days from the date of the Court's order in which to submit an appropriate attorney fee application.

Respectfully Submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**[7]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Fax:        (214) 871-8209
Email:      jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

---

[7] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.

**CERTIFICATE OF CONFERENCE**

As reflected in the motion and in App. Ex. 7, I certify that I have (1) on at least five occasions between March 12 and August 25, 2020, requested from opposing counsel a verification from Plaintiff for Plaintiff's responses to *Defendant's First Interrogatories*; (2) on at least 12 occasions between August 1 and August 25, 2020, requested from Plaintiff's counsel answers, responses, and document production in response to *Defendant's Second Interrogatories* and *Second Requests for Production*; and (3) on at least 10 occasions have requested from opposing counsel a supplemental answer to Interrogatory No. 7 and Request for Production No. 8 (both regarding Plaintiff's medical history and records), and have been unable to secure any of the foregoing.

/s/ *John L. Ross*
**JOHN L. ROSS**

**CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

/s/ *John L. Ross*
**JOHN L. ROSS**