# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHIE CUTRER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. 4:18-cv-00159-O |
| | § | |
| TARRANT COUNTY LOCAL | § | |
| WORKFORCE DEVELOPMENT | § | |
| BOARD d/b/a TARRANT COUNTY | § | |
| WORKFORCE SOLUTIONS, AND | § | |
| INSPERITY INC., | § | Hon. Reed O'Connor |
| | § | |
| | § | |
| *Defendants.* | § | |

---

## APPENDIX IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO SUMMARY JUDGMENT

---

### TABLE OF CONTENTS

| TAB No. | Date | Description | Pages |
|---------|------|-------------|-------|
| Tab 1 | January 24, 2017 | TWC Charge | 1 |
| Tab 2 | April 13, 2017 | Settlement Agreement | 9 |
| Tab 3 | April 15, 2017 | Email about CMS | 2 |
| Tab 4 | April 17, 2017 | Email Rescinding Agreement | 1 |
| Tab 5 | April 19, 2017 | Retroactive Termination Letter | 1 |
| Tab 6 | April 15, 2017 | Email About Voluntary Resignation | 5 |
| Tab 7 | May 17, 2017 | Second TWC Complaint | 3 |
| Tab 8 | August 28, 2017 | Inquiry Dismissal Notice | 1 |
| Tab 9 | February 28, 2018 | Request for Right-to-Sue from TWC | 6 |
| Tab 10 | October 6, 2017 | EEOC Letter | 10 |
| Tab 11 | August 28, 2020 | Affidavit of Joshua Graham | 2 |
| Tab 12 | November 21, 2017 | First Right-to-Sue Letter | 1 |
| Tab 13 | April 14, 2018 | Second Right-to-Sue Letter | 1 |
| Tab 14 | November 22, 2019 | Published Opinion | 10 |

Respectfully Submitted,

Joshua Stewart Graham
SBN:  TX24080736

Joshua Graham Trial Lawyers
6924 Glenview Drive
North Richland Hills, Texas 76180
Telephone: 817-789-4000
Facsimile:  817-789-4001

*Counsel for Kathie Cutrer*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2017-01343 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Kathie M. Cutrer | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1516 Sandy Beach Road, Azle, TX 76020 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TEXAS WORKFORCE SOLUTIONS | 15 - 100 | (817) 413-4400 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1320 South University Drive, Fort Worth, TX 76107 | |

Date:
RECEIVED
2017.01.2
EEOC Dallas
District Office
4 10:50:32
-06'00'

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-01-2016    Latest: 11-18-2016

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On November 18, 2016, I was denied reasonable accommodation due to my disability by Management.

**RESPONDENT'S REASON FOR ADVERSE ACTION:**

On November 18, 2016, Kristi Davis, IT/Facility Unit Director and Tracy Cumming, Workforce System Manager, presented me with an Employee Counseling Statement that required me to do activities that affect my reasonable accommodation request.

**DISCRIMINATION STATEMENT:**

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>*Kathie Cutrer*<br><br>Jan 24, 2017<br>Date    Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>*Kathie Cutrer*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br><br>*Sandra L. Newby* |

## COMPROMISE SETTLEMENT AGREEMENT AND RELEASE

This *Agreement* is between Kathie M. Cutrer ("Cutrer" or "Claimant") on the one hand, and the Tarrant County Local Workforce Development Board ("Board") on the other. Collectively, the Board and Cutrer are referred to as "the Parties."

**WHEREAS**, on or about January 24, 2017, Cutrer filed a *Charge of Discrimination* with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission styled *Kathie Cutrer v. Texas Workforce Solutions*,[1] Charge No. 450-2016-01150 and *Kathie Cutrer v. Foods*, Charge No. 450-2017-01343 (the "*Charge*"), alleging discrimination based on disability arising out of her employment with Board; and

**WHEREAS**, the Board vehemently denies, and continues to deny, all of Cutrer's allegations, and deny all liability; and

**WHEREAS**, the Parties desire to fully, finally, and forever amicably settle all disputes between them;

**NOW, THEREFORE**, for and in consideration of the mutual promises, agreements, and other consideration expressed in this *Agreement*, the receipt and sufficiency of which is admitted, the Parties agree as follows:

1. The Board agrees to pay Cutrer the total sum of thirty-three thousand seven hundred fifty dollars ($33,750.00) (the "Settlement Amount"), by check or draft jointly payable to Cutrer and her attorney, Joshua Graham & Associates, PLLC, to be reported on an IRS Form 1099 under the Tax ID Number of Cutrer's attorney(s), "Box 14—Gross Proceeds Paid to an Attorney."

---

[1] In the *Charge*, Cutrer incorrectly named her employer.

2. The Settlement Amount shall be paid within seven (7) days after the Effective Date of this *Agreement*.

3. The right to payment of the Settlement Amount is expressly conditioned on:

    a. Cutrer's execution of this *Agreement*; and

    b. withdrawal by Cutrer of the *Charge* and dismissal thereof by the EEOC; and

    c. expiration of the revocation period contained in paragraph 7(c), below.

4. The Effective Date of this *Agreement* shall be the last date upon which each of the foregoing conditions has been fulfilled.

5. Cutrer (on behalf of herself and her respective heirs, assigns, attorneys, representatives, and other agents) hereby unconditionally, fully and completely releases, acquits, forever discharges and holds harmless the Board and all of its current and former members, principals, agents, employees, insurers, reinsurers, successors, assigns, attorneys, and other representatives (collectively referred to as "the Board Released Parties") of and from any and all claims, demands, actions, causes of action, suits, debts, contracts, agreements, promises, liabilities, compensation, bonuses, losses, costs, expenses and damages of any kind or character whatsoever (collectively "Claims"), accrued or unaccrued, known or unknown, foreseen or unforeseen, in law or in equity, whether or not asserted in the *Charge*, whether based on contract, tort, or statute (including without limitation USERRA, the TEXAS LABOR CODE, the TEXAS GOVERNMENT CODE, Title VII of the CIVIL RIGHTS ACT OF 1964, the FAMILY AND MEDICAL LEAVE ACT, the AGE DISCRIMINATION IN EMPLOYMENT ACT of 1967, the EQUAL PAY ACT, the FAIR LABOR STANDARDS ACT ("FLSA"), 42 U.S.C. §§ 1981, *et. seq.*, the TEXAS WORKERS' COMPENSATION ACT; or the *Sabine-*

*Pilot* doctrine"), whether arising directly or indirectly from Cutrer's employment with Board or otherwise, relating to any matter or thing which has occurred or has failed to occur as of the Effective Date of this *Agreement.*

6. Except as otherwise provided in this *Agreement*, the foregoing release includes, but is not limited to:

a. all Claims for wages, benefits, back pay, front pay, retirement or pension contributions, reinstatement or other equitable relief, damages, interest, retaliation, mental anguish, liquidated damages, intentional torts, defamation, liquidated damages, punitive damages, attorneys' fees, costs or other expenses, and any and all other claims resulting thereby;

b. all Claims related to the *Charge* and the facts and circumstances involved in the *Charge*;

c. any actions, inaction, representations, omissions, or commissions by the Board Released Parties before the Effective Date of this *Agreement*, and

d. any claim that this *Agreement* was induced by any fraudulent or negligent act or omission or results in or from any actual or constructive fraud, negligent misrepresentation, breach of fiduciary duty, breach of confidential relationship, or a breach of any other duty under law or in equity.

**7. In connection with Cutrer's release of her rights under the Age Discrimination in Employment Act of 1967:**

**a. The release Cutrer is providing by this *Agreement* does not include a release of any claims arising after the date Cutrer signs this *Agreement*;**

**b. Cutrer expressly acknowledges and warrants she has been afforded the right to, and has in fact, consulted with, her own counsel of choice and may, but need not, take up to**

twenty-one (21) days in which to decide whether to enter into this *Agreement.*

c. Further, Cutrer may, within seven (7) days of the date she executes this *Agreement* withdraw her consent to the *Agreement* by providing written notice of withdrawal received by Board's attorney, John L. Ross, Thompson, Coe, Cousins & Irons, L.L.P., 700 North Pearl Street, Suite 2500, Dallas, Texas 75201, email: **jross@thompsoncoe.com**, fax (214) 871-8209.

8. Except to the extent as may be specifically provided otherwise in this *Agreement,* the foregoing releases are intended to be a general release of all claims, so, to the extent Cutrer may be deemed to still possess any viable claims or causes of action against the Board Released Parties, Cutrer hereby assigns to the Board Released Parties all claims she has of any kind against the Board Released Parties.

9. Cutrer agrees and acknowledges she is no longer an employee of Board and Cutrer agrees she will never seek or accept further employment with The Board or with any affiliated entity. For purposes of this provision, "employment" or "further employment" includes the provision of labor or services in any capacity, whether as an employee, contract employee, independent contractor, or otherwise.

10. This settlement is the compromise of doubtful and disputed claims, the liability for which and the amount of damages for which, if any, are uncertain and speculative. This *Agreement* is being entered into solely for the purpose of avoiding the expense, annoyance, and uncertainty of continued litigation, and to buy peace. Nothing contained in this *Agreement* shall be construed as an

admission of liability by or on behalf of any Party, all such liability being expressly denied.

11. Cutrer further agrees existence of this *Agreement* as well as its terms will be kept strictly confidential, except to state "the matter has been resolved by the parties." Disclosure by Cutrer shall be limited to:

    a. immediate family members who agree to be bound by the confidentiality provisions of this paragraph;

    b. professional representatives, *e.g.*, attorneys, tax advisors, or accountants, with a need to know; and

    c. to the Internal Revenue Service, other government agency if required by law, or as may be otherwise required by law.

12. Nothing contained in this *Agreement* releases Cutrer from any obligations Cutrer may have to the Board under any existing agreement or under applicable law, *e.g.*, the obligation of returning to the Board all records, data, equipment, information, or other property belonging to the Board.

13. In addition to the confidentiality requirements required by the preceding paragraphs, Cutrer further agrees she and her agents and representatives shall not:

    a. publish, discuss with any person, or otherwise disseminate to any person (including, without limitation, members of the print, broadcast or on-line media or social networks), other than Claimant's legal counsel, the allegations made in the *Charge*; or

    b. commercially exploit Cutrer's employment with the Board, her disputes with the Board, or the allegations made against any Board Released Party including, without limitation, through participation in any book, movie, media event, interview, or any other publication, serving as an

expert witness or consultant in any matter involving any Board Released Party, or otherwise; or

c. make any disparaging comments about or concerning any Board Released Party. For purposes of this subparagraph, excluding the contents of this document, "disparaging" means:

(1) a defamatory statement at common law;

(2) a false statement of fact; or

(3) a statement or remark which discredits or detracts from the reputation, business, or professional standing of any Board Released Party.

d. Persons, if any, to whom a disclosure is made pursuant to paragraphs 11(a) and 11(b) of this *Agreement*, shall be deemed agents of Cutrer for purposes of paragraph 13 of this *Agreement*.

***Provided, however,*** nothing in the foregoing paragraph shall be construed to apply to statements made: (1) during the course of actual future litigation, if any, between Claimant and the Board and in connection with the prosecution or defense of claims made therein; or (2) during truthful testimony made or given pursuant to a subpoena for testimony or as otherwise may be required by law.

14. Each signatory warrants and represents:

a. Such person has the authority to bind the Party for whom such person acts.

b. Before the execution of this *Agreement*, each Party has fully informed themselves concerning the terms, contends, provisions and effects of this *Agreement*, and all facts and conditions sufficient and necessary to the decision to execute this *Agreement*, they have read all of the terms of this *Agreement* and they agree to them.

6

c. Each Party has relied upon the advice and comment of their own attorneys and is entering into this *Agreement* of their own free will and accord, without duress or other compulsion.

d. The claims, suits, rights, and/or interests which are the subject matter of this matter are owned by the Party asserting same, have not been assigned, transferred or sold, and are free of encumbrance.

e. This *Agreement* sets forth the entire consideration for this *Agreement*, and all agreements and understandings between the Parties are embodied and expressed in this document. In this regard, the Parties expressly warrant no agent, servant, employee, attorney, representative, or any other person representing or claiming to represent any other Party has made any representations, promises, or statements of any kind to them or their representatives to induce them to enter into this *Agreement*, other than those expressly contained in this *Agreement*, and reliance on any representation, promise, or statement not contained in this *Agreement* would be unintended and unjustified.

f. This *Agreement* embodies, merges, and integrates all prior and current agreements and understandings of the Parties, and may not be clarified, modified, changed, or amended except in writing signed by the person or entity against whom the clarification, modification, change, or amendment is being offered or enforced.

g. Each Party has substantial experience in negotiating contracts. This *Agreement* is the product of negotiations among the Parties, and, therefore, no Party to this *Agreement* shall be charged with having promulgated this *Agreement.*

15. Cutrer warrants that she is not relying on the judgment or advice of the Board or its counsel concerning the tax consequences, if any, of this

7

*Agreement*. Cutrer, and Cutrer's attorneys (if any), and they alone, shall be responsible for any and all federal, state, and local tax liability, if any, which may attach to amounts payable or other consideration given under this *Agreement*, and will indemnify and hold the Board Released Parties harmless from, and will reimburse the Board Released Parties for, any and all such tax liability of whatever kind incurred by the Board Released Parties, including, but not limited to, taxes, levies, assessments, fines, interest, attorneys' fees and costs arising directly or indirectly from the tax consequences, if any, which may attach to the Settlement Amount or other consideration given under this *Agreement*.

16. This *Agreement* is made and performable in Texas, and shall be governed by and construed in accordance with the laws of the State of Texas without regard or reference to choice or conflict of laws, except the normal rule of construction that ambiguities shall be construed against the drafter shall not be employed in the interpretation of this *Agreement*.

17. The consideration expressed in this *Agreement* is contractual and not a mere recital.

18. This *Agreement* may be executed in multiple counterparts, each of which shall be deemed an original for all purposes, and all of which shall constitute one instrument.

19. The Parties agree that except as may be provided in ¶ 7(c) of this *Agreement*, this *Agreement* is not subject to revocation.

**IN WITNESS WHEREFORE**, the undersigned have executed this *Agreement* on the dates indicated:

**AGREED:**

**DATED:** April 13, 2017

**KATHIE M. CUTRER**

8

**AGREED:**

**DATED: April 13, 2017**

_____

**AS AGENT FOR THE BOARD**

9

**Subject:** Medicare / lien information REQUIRED 2017004585
**Date:** Friday, April 14, 2017 at 1:29:30 PM Central Daylight Time
**From:** Ross, John <JRoss@thompsoncoe.com>
**To:** Joshua Graham <jsg@joshuagraham.com>, Jade Stampley <jastampley@joshuagraham.com>

Joshua,

Based on your client's information, we have been informed that **Kathie Cutrer is a Current Medicare Beneficiary as of 12/1/2016** according to the Benefits Coordination & Recovery Center (BCRC) telephonic confirmation system.

Accordingly, by law, before settlement funds can be paid, you will need to obtain and provide documentation from CMS/Medicare specifically confirming that there are no conditional liens for treatment rendered which would need to be satisfied from said proceeds.

As soon as you are able to provide the required documentation we can then fund the settlement in accordance with the terms of the settlement agreement.

Thank you.

Regards,

John

**JOHN L. ROSS***
**PARTNER-IN-CHARGE, LABOR & EMPLOYMENT SECTION**
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
**DALLAS•AUSTIN•HOUSTON•New ORLEANS•ST. PAUL•LOS ANGELES (THOMPSON, COE & O'MEARA)**
**PLAZA OF THE AMERICAS**
**700 North Pearl Street, Suite 2500**
**Dallas, Texas 75201**

**Direct Dial:    (214) 871-8206**
**Fax:              (214) 871-8209**
**Mobile:         (214) 498-3282**

**\*Board Certified, Labor & Employment Law**
**\*Board Certified, Civil Trial Law**
**    Texas Board of Legal Specialization**
**Former Regional Attorney, EEOC Dallas District Office**
**Internet:           jross@thompsoncoe.com**
**Web Site:          http://www.thompsoncoe.com/**
**Resume:            http://www.thompsoncoe.com/Attorneys/JohnLRoss**
**Labor & Emp.:     http://www.thompsoncoe.com/Practices/LaborEmployment**
**Newsletters:       http://www.thompsoncoe.com/NewsPublications/Newsletters**

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**Subject:** RE: From Kathie Cutrer

**Date:** Monday, April 17, 2017 at 11:05:30 AM Central Daylight Time

**From:** Ross, John <JRoss@thompsoncoe.com>

**To:** Joshua Graham <jsg@joshuagraham.com>

**Attachments:** image001.jpg

I thought we were going to discuss this further today, after I had a chance to speak with my client?

---

**From:** Joshua Graham [mailto:jsg@joshuagraham.com]
**Sent:** Monday, April 17, 2017 9:25 AM
**To:** Ross, John
**Cc:** Jade Stampley
**Subject:** From Kathie Cutrer

Mr. Ross,

After discussing the circumstances with Ms. Cutrer, she revokes her assent to the settlement contract that she signed last week on April 13, 2017.  Please arrange for your client to restore the accommodations that Ms. Cutrer previously had and coordinate her return to work, pending her physician's release.

Respectfully,

Joshua Graham
Attorney & Counselor at Law

Joshua Graham & Associates, PLLC
Water Gardens Place
100 E 15th Street, Suite 635
Fort Worth, Texas 76102
T: 817-789-4000
F: 817-789-4001



*** CONFIDENTIALITY NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Joshua Graham & Associates, PLLC that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited. ***



**JUDY McDONALD**
Executive Director

April 19, 2017

Ms. Kathie Cutrer
1516 Sandy Beach Road
Azle, Texas 76020-4770

Dear Ms. Cutrer

RE: Termination of Employment

As you know, we have been in discussions with your attorney about your employment with Workforce Solutions For Tarrant County.  This letter is to inform you that your employment with Workforce Solutions for Tarrant County was terminated as of April 13, 2017 due to poor job performance.  Your benefits and insurance also were terminated as of April 13, 2017. You will receive information from Insperity concerning Cobra Insurance, your 401K as well as any additional voluntary benefits you may have had with Insperity.

Your final pay check for last week was direct deposited to your account.  You were paid through April 13, 2017.  Your vacation and sick leave balances were at zero.   I have included your final pay check stub in this letter as well as what appears to be a personal package that was sent to the office.

I wish you all the best in your future endeavors.

Sincerely,

Judy McDonald
Executive Director

1320 S. University Dr, Suite 600 ★ Fort Worth, TX 76107 ★ Voice 817.413.4400 ★ Fax 817.531.6754 ★ www.workforcesolutions.net

An Equal Opportunity Employer/Program whose auxiliary aids and services are available upon request to individual with disabilities.
TDD/TTY 1-800-735-2989

| Subject: | RE: Medicare / lien information REQUIRED 2017004585 |
| --- | --- |
| Date: | Saturday, April 15, 2017 at 9:09:41 AM Central Daylight Time |
| From: | Ross, John <JRoss@thompsoncoe.com> |
| To: | Joshua Graham <jsg@joshuagraham.com> |
| Attachments: | image001.jpg |

Your client voluntarily, contractually terminated her employment.

No obligation to pay has yet arisen because your client has not, yet, satisfied the conditions precedent to payment. No obligation to pay has, yet, arisen. Until the conditions precedent to payment have been satisfied, this is all much ado about nothing—an academic discussion about how many angels can stand on the end of a pin—and your client has no standing to sue on the contract.

**From:** Joshua Graham [mailto:jsg@joshuagraham.com]
**Sent:** Saturday, April 15, 2017 9:00 AM
**To:** Ross, John
**Subject:** Re: Medicare / lien information REQUIRED 2017004585

We aren't going to because your client had indicated that it will not pay unless we provide proof from CMS.  Instead we are going sue your client to find out if your interpretation of the law is correct and then we can fulfill the conditions.  In the mean time, I expect that your client will welcome my client back to work with open arms and accommodate her disability.

Joshua Graham
Attorney & Counselor at Law

Joshua Graham & Associates, PLLC
Water Gardens Place
100 E 15th Street, Suite 635
Fort Worth, Texas 76102
T: 817-789-4000
F: 817-789-4001

**From:** Ross, John <JRoss@thompsoncoe.com>
**Sent:** Saturday, April 15, 2017 8:57:34 AM
**To:** Joshua Graham
**Subject:** RE: Medicare / lien information REQUIRED 2017004585

Let me know when you've satisfied the conditions precedent.

**From:** Joshua Graham [mailto:jsg@joshuagraham.com]
**Sent:** Saturday, April 15, 2017 8:56 AM
**To:** Ross, John
**Subject:** Re: Medicare / lien information REQUIRED 2017004585

Well, if your client does not pay, we will file another EEOC charge for retaliation and preemptively sue it to ask a federal court to interpret what the law is.  Your client is acting in bad faith.  The law addresses primary payments for services that could otherwise be paid for by Medicare.  Your settlement agreement states, not that it is a payment for damages but a payment to avoid the expenses and

annoyance of a suit.  Get ready for both.

Joshua Graham
Attorney & Counselor at Law

Joshua Graham & Associates, PLLC
Water Gardens Place
100 E 15th Street, Suite 635
Fort Worth, Texas 76102
T: 817-789-4000
F: 817-789-4001

**From:** Ross, John <JRoss@thompsoncoe.com>
**Sent:** Saturday, April 15, 2017 8:44:47 AM
**To:** Joshua Graham
**Subject:** RE: Medicare / lien information REQUIRED 2017004585

You need to re-read the settlement agreement regarding conditions precedent to payment. No obligation to pay has yet arisen, since the conditions precedent to payment have not, yet, been satisfied.

Under Texas law, compliance with the law is an implied term of all contracts.

At the time your client filed her EEOC Charge, she was still employed. Accordingly, her claim, which was settled, did not involve any claim for back pay. The only damages she could have had would have would have been compensatory/personal in nature and, therefore, subject to CMS requirements.

**From:** Joshua Graham [mailto:jsg@joshuagraham.com]
**Sent:** Saturday, April 15, 2017 8:25 AM
**To:** Jade Stampley; Ross, John
**Subject:** Re: Medicare / lien information REQUIRED 2017004585

John,

This is not a personal injury, worker's comp claim, or anything involving medical reimbursements.  I disagree with the assessments that ALL settlements are subject to this rule and demand payment on behalf of my client within the seven days required by our contract.  Please respond agreeing to such.  If you don't not agree by end of business in Tuesday, I will instruct my client to withdraw the settlement agreement and we will ask the EEOC to proceed.

Joshua Graham
Attorney & Counselor at Law

Joshua Graham & Associates, PLLC
Water Gardens Place
100 E 15th Street, Suite 635
Fort Worth, Texas 76102
T: 817-789-4000
F: 817-789-4001

**From:** Ross, John <JRoss@thompsoncoe.com>

**Sent:** Friday, April 14, 2017 2:21:25 PM
**To:** Joshua Graham; Jade Stampley
**Subject:** RE: Medicare / lien information REQUIRED 2017004585

Unfortunately, this is federal law and, therefore, not something negotiable. You can thank Obama, Obamacare, and the Democrats in the 2010 Congress. . .

https://www.cms.gov/Medicare/Coordination-of-Benefits-and-Recovery/Attorney-Services/Attorney-Services.html

http://www.wardandsmith.com/articles/medicare-affect-personal-injury-settlement-nc

https://lienblog.wordpress.com/2010/07/02/the-idiot%E2%80%99s-guide-to-medicare-lien-resolution/

---

**From:** Joshua Graham [mailto:jsg@joshuagraham.com]
**Sent:** Friday, April 14, 2017 1:33 PM
**To:** Ross, John; Jade Stampley
**Subject:** RE: Medicare / lien information REQUIRED 2017004585

John,

Her benefits don't start until June, which is why we requested her insurance to continue.  Does this change anything?  And frankly, I have never had an opposing party run this type of check.  Can we handle this on our end rather than have y'all in the middle?

Joshua Graham
Attorney & Counselor at Law

Joshua Graham & Associates, PLLC
Water Gardens Place
100 E 15th Street, Suite 635
Fort Worth, Texas 76102
T: 817-789-4000
F: 817-789-4001



---

**From:** Ross, John [mailto:JRoss@thompsoncoe.com]
**Sent:** Friday, April 14, 2017 1:30 PM
**To:** Joshua Graham <jsg@joshuagraham.com>; Jade Stampley <jastampley@joshuagraham.com>
**Subject:** Medicare / lien information REQUIRED 2017004585

Joshua,

Based on your client's information, we have been informed that **Kathie Cutrer is a Current Medicare Beneficiary as of 12/1/2016** according to the Benefits Coordination & Recovery Center (BCRC) telephonic confirmation system.

Accordingly, by law, before settlement funds can be paid, you will need to obtain and provide documentation from CMS/Medicare specifically confirming that there are no conditional liens for treatment rendered which would need to be satisfied from said proceeds.

As soon as you are able to provide the required documentation we can then fund the settlement in accordance with the terms of the settlement agreement.

Thank you.

Regards,

John

**JOHN L. ROSS***
**PARTNER-IN-CHARGE, LABOR & EMPLOYMENT SECTION**
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
**DALLAS●AUSTIN●HOUSTON●NEW ORLEANS●ST. PAUL●LOS ANGELES (THOMPSON, COE & O'MEARA)**
**PLAZA OF THE AMERICAS**
**700 North Pearl Street, Suite 2500**
**Dallas, Texas 75201**

**Direct Dial:   (214) 871-8206**
**Fax:              (214) 871-8209**
**Mobile:         (214) 498-3282**

**\*Board Certified, Labor & Employment Law**
**\*Board Certified, Civil Trial Law**
  **Texas Board of Legal Specialization**
**Former Regional Attorney, EEOC Dallas District Office**
**Internet:          jross@thompsoncoe.com**
**Web Site:        http://www.thompsoncoe.com/**
**Resume:          http://www.thompsoncoe.com/Attorneys/JohnLRoss**
**Labor & Emp.:    http://www.thompsoncoe.com/Practices/LaborEmployment**
**Newsletters:     http://www.thompsoncoe.com/NewsPublications/Newsletters**

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

*** CONFIDENTIALITY NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Joshua Graham & Associates, PLLC that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited. ***

*** CONFIDENTIALITY NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Joshua Graham & Associates, PLLC that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited. ***

*** CONFIDENTIALITY NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Joshua Graham & Associates, PLLC that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited. ***

*** CONFIDENTIALITY NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Joshua Graham & Associates, PLLC that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited. ***

**EMPLOYMENT DISCRIMINATION COMPLAINT FORM**
**Texas Workforce Commission Civil Rights Division**
Please return this form by:
Mail: 101 East 15th Street, Guadalupe CRD, Austin, TX 78778-0001
Email: EEOIntake@twc.state.tx.us
Telephone: (888) 452-4778 *or*
Fax: (512) 482-8465 (Please include a cover sheet with your name and the total # of pages

TWCCRD#_____

EEOC#_____

| *Please indicate if you have previously filed this complaint with any of the agencies below:* | DATE RECEIVED (For Office Use Only): |
|---|---|
| ☐Texas Workforce Commission Civil Rights Division (TWCCRD) <br> ■Equal Employment Opportunity Commission (EEOC) <br> ☐City of Austin Equal Employment and Fair Housing Office <br> ☐Corpus Christi Human Relations Division <br> ☐Fort Worth Human Relations Department | |

Please be sure you provide all the information requested. For Assistance, send an E-mail to EEOIntake@twc.state.tx.us or call us at (888) 452-4778. (Ofrecemos asistencia en Español)

| Complainant Full Name: | Complainant Representative (Optional): *(If you are represented by an attorney, please have them submit a letter of representation):* |
|---|---|
| Kathie Marie Cutrer <br> **Address Line 1:** 1516 Sandy Beach Road <br> **Address Line 2:** <br> **City/State/Zip:** Azel, Texas 76020 <br> **Home Phone #:** 817-304-3612 <br> **Other Phone #:** 817 <br> **Email:** kathie.cutrer@icloud.com | Joshua Graham & Associates, PLLC <br> **Address Line 1:** 100 E 15th Street, Suite 635 <br> **Address Line 2:** <br> **City/State/Zip:** Fort Worth, Texas 76102 <br> **Phone #:** 817-789-4000 <br> **Fax #:** 817-789-4001 |
| **Preferred Form of Contact: (Please check)** <br> ☑ E-mail ☐ Telephone | |
| Date Hired: 05/29/ Position held: Project Support Spec. <br> Still employed? ☐ Yes ☑ No | HR Personnel Officer/EEO Officer/or Highest Ranking Officer on work site: <br> Judy McDonald |
| **Name of Employer** *(Please be sure to give the complete Company name and address where you physically worked)* <br> Tarrant County Workforce Development Board d/b/a Workforce Solutions for Tarrant County | 15 or more employees: <br> ☑ Yes ☐ No |
| **Company Address** <br> **Address Line 1:** 1320 South University Drive <br> **Address Line 2:** Suite 600 <br> **City/State/Zip:** Fort Worth, Texas 76107 <br> **Phone #:** 817-413-4400 | **Company Officer Address** <br> **Address Line 1:** <br> **Address Line 2:** <br> **City/State/Zip:** <br> **Phone #:** |

| *BASIS: I believe I have been discriminated against in violation of state law (Texas Labor Code, Chapter 21) and federal law (ADEA, GINA, Title VII, ADAAA), as follows:* | ☐**Age** (*You must be 40 years of age or older to qualify*): <br> Date of Birth: <br> ___/___/___ <br> Month/day/year <br> Age at time of incident: <br> ___ | ☐**Color** *(Based on skin color)*: <br> ☐Black <br> ☐Brown <br> ☐White <br> ☐Other: | ☐**Disability:** <br> ■Disabled <br> ☐History of disability <br> ☐Regarded as disabled <br> *(Pregnancy is NOT a disability unless you are regarded as disabled.)* |
|---|---|---|---|
| ***Please mark only the basis you believe were the reasons you were discriminated.*** | ☐**GINA** (Genetic Information Non-discrimination Act) | ☐**National Origin:** <br> ☐African-American <br> ☐Anglo/Caucasian <br> ☐East Indian <br> ☐Hispanic <br> ☐Mexican <br> ☐Other: | ☐**Race:** <br> ☐American Indian/Alaskan Native <br> ☐Asian/Pacific Islander <br> ☐Black <br> ☐White <br> ☐Other: |
| **EXAMPLE: If your treatment was because of your race, then check only the box by your race.** | ☐**Religion:** <br> ☐Baptist <br> ☐Catholic <br> ☐Jewish <br> ☐Muslim <br> ☐Other: | ■**Retaliation:** <br> ☐Assisted another filing discrimination <br> ■Filed a complaint of discrimination <br> ☐Participated in discrimination investigation. <br> *ON THIS DATE:* <br> ___/___/___ <br> Month/day/year | ☐**Sex:** <br> ☐Female <br> ☐Female/Pregnancy <br> ☐Male |

Form 1000 — Revised: 03/2017

☐ Demotion (D1)  ☐ Layoff (L1)  ☐ Suspension (S5)
☑ Discharge (D2)  ☐ Promotion (P3)  ☑ Terms & Conditions (T2)
☐ Discipline (D3)  ☐ Reasonable Accommodation (R6)  ☐ Training (T4)
☐ Harassment (H1)  ☐ Severance Pay (B5)  ☐ Wages (W1)
☐ Hiring (H2)  ☐ Sexual Harassment (S4)  ☐ Other:

**The following questions are regarding the employment harms or actions taken against you.**
**(Each incident must be within 180 days of the date you submit your complaint to the TWCCRD.)**

**DATE(S) DISCRIMINATION TOOK PLACE (Month/Day/Year)**
Earliest (Month/Day/Year)  Latest (Month/Day/Year)
4 / 14 / 17  04 / 19 / 17  ☐ CONTINUING ACTION

| Name and Position Title of person(s) who did the harm: | (If filing under race, color, national origin, religion, sex, age, please provide the race, color, national origin, religion, sex, or age of the person(s) discriminating against you:) |
|---|---|
| John L. Ross - Attorney for TWS<br>Jill Navarrete | |

**Did you complain of discrimination to your employer?** ☐ Yes ☑ No
If Yes, date of complaint: ____/____/____ (Month/Day/Year)
**Name and Position Title of person(s) you complained to:**

**Explain why you believe the employment harm(s) and/or action(s) were discriminatory:**

I filed a discrimination charge with the EEOC and agreed to settle the dispute with my employer. In preparation to be terminated, I applied for Medicare coverage. But we were unable to settle the dispute after all because the Board's attorney refused pay the settlement as a last ditch effort to retaliate against me. He claimed that I had to prove that Medicare did not have a lien on the money. When I decided to rescind the settlement (as the contract allows) and return to work, the Board's attorney stated that I had already contractually resigned. Then Jill Navarrete sent me a letter that I was terminated for performance issues. This was a blatant attempt to retaliate against me for filing an EEOC complaint. There is no reason why I should not be allowed to return to work except the Board does not want to accommodate my disability.

**Employer's reason for its action:**

I filed a complaint with the EEOC because the Board refused to give me an accommodation for my disability. When I would not agree to the settlement, they fired me for "performance" issues.

**Are there other employees treated more fairly than you?** ☐ Yes ☐ No
If Yes, please provide the information below:

| Full Name and Position Title | (If filing under race, color, national origin, religion, sex, and/or age, please provide the race, color, national origin, religion, sex, or age of the person(s) treated more fairly than you.) |
|---|---|
| | |
| | |
| | |

**What are you seeking as a resolution to your case?**

I want to be reinstated with back pay.

**What is the most convenient method to contact you:**

☑ Email: jsg@josnuagranam.com          ☐ Telephone: (   )

_Kathie Cutrer_                                     _16 May 2017_
**Signature**                                              **Date**

Texas Workforce Commission

A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing the Public

Ruth R. Hughs
Commissioner Representing Employers

Julian Alvarez
Commissioner Representing Labor

Larry E. Temple
Executive Director

## INQUIRY DISMISSAL NOTICE

August 28, 2017

Kathie Marie Cutrer
c/o Joshua Graham & Associates PLLC
100 E. 15th Street - Suite 635
Ft Worth, TX 76102

RE: Kathie Marie Cutrer v. Tarrent County Workforce Development Board

Dear Complainant:

The Texas Workforce Commission Civil Rights Division (TWCCRD) has reviewed your recent inquiry concerning possible employment discrimination by your employer. This is to inform you that the Division is unable to draft a charge on your behalf. Your complaint has been forwarded to the Equal Employment Opportunity Commission (EEOC) in order to avoid a conflict of interest and to ensure you receive an unbiased investigation. Please contact the EEOC at 800-669-4000 for further information. The TWCCRD has dismissed your complaint and considers your case closed.

Sincerely,

Lowell A. Keig, Director
Civil Rights Division

101 East 15th Street, CRD Guadalupe • Austin, Texas 78778-0001 • (512) 463-2642 (T) • (512) 842-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988
(Voice) • www.texasworkforce.org
Equal Opportunity Employer / Program
TEXAS
WORKFORCE SOLUTIONS
• ★ ★ ★ •



JOSHUA GRAHAM

jsh@joshuagraham.com

**Joshua Graham**
& Associates, PLLC.

Water Gardens Place
100 E. 15th Street, Suite 635
Fort Worth, Texas 76102
Tel (817) 789-4000
Fax (817) 789-4001
www.joshuagraham.com

February 28, 2018

***Via U.S. Mail, Electronic Mail to: crdnotices@twc.state.tx.us***
Texas Workforce Commission
101 E. 15th Street
Austin, TX 78778-0001
**ATTN: Denise Seitz Smith**

Re:    Our Client:    Kathie Cutrer
        Charge No.:    451-218-00036

Dear Ms. Smith.

Our law firm requests a *Right to Sue Letter* pertaining to the above referenced matter. Enclosed please find:

1. A copy of the original charge filed with the EEOC;
2. A statement of representation of the complaint; and
3. A copy of the EEOC Right to Sue Notice.

Please note that a complaint was filed with the TWC and the TWC forward the complaint on to the EEOC citing a conflict of interest because that complaint was against the Tarrant County Local Workforce Development Board.  Although the EEOC has issued a Right to Sue letter, the complainant is unable to file suit in State court to enforce Texas State law unless she has a Right to Sue letter from TWC.  We request the TWC to issue such a letter.

As always, if you have any question or need additional documentation please feel free to contact me through email at jsg@joshuagraham.com or by phone at (817) 789-4000.

Respectfully,

Joshua Graham

Joshua Graham

Enclosures

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA <br> ☒ EEOC | 451-2018-00036 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Kathie M. Cutrer | (817) 304-3612 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1516 Sandy Beach Road, Azle, TX 76020 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| TARRENT COUNTY WORKFORCE DEVELOPMENT BOARD | Unknown | (817) 413-4400 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1320 South University Drive,  Fort Worth, TX 76107 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — Latest |
| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | 04-17-2017        04-19-2017 |
| ☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I filed a discrimination charge with the EEOC and agreed to settle the dispute with my employer. In preparation to be terminated, I applied for Medicare coverage. But we were unable to settle the dispute after all because the Board's attorney refused to pay the settlement as a last ditch effort to retaliate against me. John L. Ross claimed that I had to prove that Medicare did not have a lien on the money. When I decided to rescind the settlement (as the contract allows) and return to work, the Boards attorney stated that I had already contractually resigned. Then Jill Navarrete sent me a letter that I was terminated for performance issues. This was a blatant attempt to retaliate against me for fling an EEOC complaint. There is no reason why I should be allowed to return to work except the Board does not want to accommodate my disability. I filed a complaint with the EEOC because the Board refused to give me an accommodation for my disability. When I would not agree to the settlement, they fired me for "performance" issues.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| ✗ _____    ✗ _____ <br>    *Date*         *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 451-2018-00036 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I believe I have been discriminated against based on my disability and subjected to retaliation for having filed a protected complaint in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

X _____     X _____
   *Date*          *Charging Party Signature*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Status Line: (866) 408-8075
San Antonio Direct Dial: (210) 281-2550
TTY (210) 281-7610
FAX (210) 281-7690

Kathie Marie Cutrer
c/o: Joshua Graham
Joshua Graham & Associates, PPC.
Water Gardens Place
100 E. 15th Street, Suite 635
Fort Worth, Texas 76102

Re: Charge Number 451-2018-00036

Dear: Ms. Cutrer:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[  ]    Title VII of the Civil Rights Act of 1964 (Title VII)

[  ]    The Age Discrimination in Employment Act (ADEA)

[X]    The American with Disabilities Act (ADA)

[  ]    The Equal Pay Act (EPA)

The attached EEOC Form 5, Charge of Discrimination, was drafted based on the information provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form # 5 Charge of discrimination. To enable proper handling of this action by the Commission, you should:

1. Review the enclosed Form #5 Charge. If there are any minor corrections to be made on the charge form, (for example, corrections regarding a date, name address, or a couple of words), please make the corrections by crossing out the incorrect information and inserting the correct information above or below the information which you have marked out, and placing your initials by each of the changes. If there are more substantial corrections, please contact me before correcting, signing and returning the charge form, so that I can determine if there is a need to revise the charge on the computer and mail it to you for your signature. If there are no corrections to be made, proceed to the next step.

2. Sign and date the charge in the bottom left hand block where I have made an "X" and high lighted in yellow. For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filing date.

3. Return the signed Form #5 Charge to this office. For your convenience, I have provided you with a postage paid return envelope. Please also read the enclosed brochure on mediation. If you are interested in mediating the charge please check the enclosed agreement and sign the attached second and third pages of the agreement to mediate located within the Mediation Brochure and include this agreement and the confidential agree to mediate with your Form #5 Charge of Discrimination. Before we initiate an

Charge Number 451-2018-00036

investigation, we must receive your signed Charge of Discrimination (EEOC Form 5 Charge of discrimination). Please sign and return the charge within thirty (30) days from the date of this letter.

Under EEOC procedures, if we do not hear from you within 30 days, or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue
letter allowing you to pursue the matter in federal court.

Please note: that the Equal Employment Opportunity Commission (EEOC) does not have jurisdiction to investigate U.S. Federal Government agencies such as the VA. The EEOC does have jurisdiction to investigate state - local governments, private companies, and organizations.

After we receive your signed charge, the EEOC will send a copy of the charge to the state fair Employment Practice Agency (FEPA), the Texas Workforce Commission/Civil Rights Division (TWCCRD), for dual filing purposes. Therefore, it is not necessary that you file a charge with the TWCCRD, as only one agency will investigate your charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process. If you have any questions,
please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely

10/06/2017
Date

Monte L. Earwood
EEOC, Investigator
(210) 281-7682
monte.earwood@eeoc.gov

Office Hours: Monday – Friday, 8:30 a.m. – 5:00 p.m.
www. Eeoc.gov
Enclosures (s)
    Copy of EEOC Form 5, Charge of Discrimination
    Mediation brochure and agreements (regular agreement and confidential agreement) to
    Mediate forms
    What you should know before you file a Charge with EEOC pamphlet
    Postage paid return envelope for the return of the form # 5 Charge of Discrimination.
    Charging Party request for a copy of the Position Statement.

EEOC Form 161 (11/16)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kathie M. Cutrer<br>1516 Sandy Beach Road<br>Azel, TX 76020 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 451-2018-00036 | Monte L. Earwood, Jr.,<br>Investigator | | (210) 281-7682 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|     | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|     | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|     | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|     | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
|     | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|     | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Travis G. Hicks*                              11/21/2017

Enclosures(s)                          **Travis G. Hicks,**                       *(Date Mailed)*
                                        **Director**

cc:   **Tracey Cummings**                              **Joshua Graham**
      **Work Force Systems Manager**                   **JOSHUA GRAHAM & ASSOCIATES, PLLC**
      **TARRANT COUNTY WORKFORCE DEVELOPMENT**         **Water Gardens Place**
      **BOARD**                                        **100 E. 15th Street, Suite 635**
      **1320 South Univeristy Drive**                  **Fort Worth, TX 76102**
      **Fort Worth, TX 76107**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Status Line: (866) 408-8075
San Antonio Direct Dial: (210) 281-2550
TTY (210) 281-7610
FAX (210) 281-7690

Kathie Marie Cutrer
c/o: Joshua Graham
Joshua Graham & Associates. PPC.
Water Gardens Place
100 E. 15th Street, Suite 635
Fort Worth, Texas 76102

Re: Charge Number 451-2018-00036

Dear: Ms. Cutrer:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[ ]     Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]     The Age Discrimination in Employment Act (ADEA)

[X]     The American with Disabilities Act (ADA)

[ ]     The Equal Pay Act (EPA)

The attached EEOC Form 5, Charge of Discrimination, was drafted based on the information provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form # 5 Charge of discrimination.
To enable proper handling of this action by the Commission, you should:

1. Review the enclosed Form #5 Charge. If there are any minor corrections to be made on the charge form, (for example, corrections regarding a date, name address, or a couple of words), please make the corrections by crossing out the incorrect information and inserting the correct information above or below the information which you have marked out, and placing your initials by each of the changes. If there are more substantial corrections, please contact me before correcting, signing and returning the charge form, so that I can determine if there is a need to revise the charge on the computer and mail it to you for your signature. If there are no corrections to be made, proceed to the next step.

2. Sign and date the charge in the bottom left hand block where I have made an "X" and high lighted in yellow. For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filing date.

3. Return the signed Form #5 Charge to this office. For your convenience, I have provided you with a postage paid return envelope. Please also read the enclosed brochure on mediation. If you are interested in mediating the charge please check the enclosed agreement and sign the attached second and third pages of the agreement to mediate located within the Mediation Brochure and include this agreement and the confidential agree to mediate with your Form #5 Charge of Discrimination. Before we initiate an

Charge Number 451-2018-00036                                      Page 2 of 2

investigation, we must receive your signed Charge of Discrimination (EEOC Form 5 Charge of discrimination). Please sign and return the charge within thirty (30) days from the date of this letter.

Under EEOC procedures, if we do not hear from you within 30 days, or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court.

Please note: that the Equal Employment Opportunity Commission (EEOC) does not have jurisdiction to investigate U.S. Federal Government agencies such as the VA. The EEOC does have jurisdiction to investigate state - local governments, private companies, and organizations.

After we receive your signed charge, the EEOC will send a copy of the charge to the state fair Employment Practice Agency (FEPA), the Texas Workforce Commission/Civil Rights Division (TWCCRD), for dual filing purposes. Therefore, it is not necessary that you file a charge with the TWCCRD, as only one agency will investigate your charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process. If you have any questions,
please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely

*Monte L. Earwood*

10/06/2017
Date

Monte L. Earwood
EEOC, Investigator
(210) 281-7682
monte.earwood@eeoc.gov

Office Hours: Monday – Friday, 8:30 a.m. – 5:00 p.m.
www. Eeoc.gov
Enclosures (s)
    Copy of EEOC Form 5, Charge of Discrimination
    Mediation brochure and agreements (regular agreement and confidential agreement) to
    Mediate forms
    What you should know before you file a Charge with EEOC pamphlet
    Postage paid return envelope for the return of the form # 5 Charge of Discrimination.
    Charging Party request for a copy of the Position Statement.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 451-2018-00036 |

| **Texas Workforce Commission Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Kathie M. Cutrer** | **(817) 304-3612** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **1516 Sandy Beach Road, Azle, TX 76020** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **TARRENT COUNTY WORKFORCE DEVELOPMENT BOARD** | **Unknown** | **(817) 413-4400** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1320 South University Drive,  Fort Worth, TX 76107** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-17-2017**   Latest **04-19-2017**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I filed a discrimination charge with the EEOC and agreed to settle the dispute with my employer. In preparation to be terminated, I applied for Medicare coverage. But we were unable to settle the dispute after all because the Board's attorney refused to pay the settlement as a last ditch effort to retaliate against me. John L. Ross claimed that I had to prove that Medicare did not have a lien on the money. When I decided to rescind the settlement (as the contract allows) and return to work, the Boards attorney stated that I had already contractually resigned. Then Jill Navarrete sent me a letter that I was terminated for performance issues. This was a blatant attempt to retaliate against me for fling an EEOC complaint. There is no reason why I should be allowed to return to work except the Board does not want to accommodate my disability. I filed a complaint with the EEOC because the Board refused to give me an accommodation for my disability. When I would not agree to the settlement, they fired me for "performance" issues.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| ✗_____  ✗_____  Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2018-00036 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I believe I have been discriminated against based on my disability and subjected to retaliation for having filed a protected complaint in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X _____   X _____<br>   *Date*          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |



# WHAT YOU SHOULD KNOW BEFORE YOU FILE A CHARGE WITH EEOC

## WHAT DOES THE EEOC DO?

The EEOC is a law enforcement agency that investigates or looks into claims that employers, employment agencies or labor organizations discriminated against employees or applicants because of their race, color, religion, sex, pregnancy, national origin, age (40 or older), disability, or genetic information. The EEOC often tries to settle these claims with the help of a mediator. Sometimes, the EEOC takes cases to court. The EEOC does not charge a fee to investigate, mediate or litigate charges. The EEOC also educates employers, employees and the public about job discrimination.

## WHAT IS THE FIRST STEP?

If you believe you have experienced job discrimination, you should contact us. We will ask you why you believe the employer discriminated against you. We may ask you to fill out a questionnaire. Be sure to give us any evidence you have to show that discrimination occurred. Based on your answers and the information you give us, we will tell you if your claim fits within the laws we enforce. In any case, you have the right to file a charge of job discrimination to keep your right to file in federal court.

## WHAT IS A CHARGE?

A charge is a signed, written complaint about a negative job action that you believe was based on your race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information. The charge requests that the EEOC or a state or local government agency with similar laws take action to remedy the discrimination. EEOC has a form for filing charges to make sure you give us the specific information needed in a charge. EEOC staff will assist you in writing your charge. We will ask you to read and sign it. You will receive a copy of the charge with a charge number.

## IS THERE A TIME LIMIT TO FILE A CHARGE?

You have either 180 or 300 days from the day you knew about the negative job action to file a charge. It depends on whether the employer is located in a place where a state or local government agency has laws similar to the EEOC's laws. We can help you figure out how much time you have. Act quickly to keep your rights by signing and filing a timely charge.

## DO YOU HAVE THE RIGHT TO A LAWYER?

You have the right to bring a lawyer with you when you talk to the EEOC but you do not have to have one. If you would like to have a lawyer speak for you with the EEOC, your lawyer must give us a letter that tells us he or she represents you. The EEOC cannot provide a lawyer for you and cannot pay for the cost of your lawyer.

## WHAT IS CONCILIATION?

When the EEOC finds that the employer probably violated the law, we invite you and the employer to try to settle the case. If the EEOC, you and the employer agree on how to settle your case, we will close the case. If the EEOC, you and the employer do not agree on how to settle your case, we will decide whether to file a lawsuit in federal court or whether to provide you with a letter or a notice of your right to sue so that you can file your own lawsuit. You then have 90 days to file suit in federal court.

## WHEN DOES THE EEOC LITIGATE?

In some cases, when the EEOC finds that the employer probably violated the law, we file a lawsuit in federal court. We get about 80,000 charges of discrimination each year but we only file about 325 lawsuits each year. When the EEOC decides whether to file a lawsuit, we look at how serious the violation is, what the legal issues are, and whether other people would benefit from the lawsuit. If we decide not to sue in your case, we will give you a right to sue letter so that you can file your own lawsuit in court. You then have 90 days to file suit.

## IS RETALIATION AGAINST THE LAW?

It is against the law for an employer to retaliate against you because you complained about job discrimination, because you gave evidence in a job discrimination matter, or because you filed a charge of job discrimination with the EEOC. If this happens to you, you should contact us as soon as possible to talk about whether you should file a retaliation charge.

## KEEP US INFORMED

Once you file a charge with the EEOC, you must tell us if you move or get a new phone number. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

## DO YOU HAVE MORE QUESTIONS?

You can find the answers to many of your questions on our website, www.eeoc.gov. You can access an interactive questionnaire at https://apps.eeoc.gov/eas to help you decide if the EEOC is the most appropriate agency to assist you.  You can also find information on where to file an employment discrimination charge on our website.

**EEOC - San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
800-669-4000 (VOICE)
800-669-6820 (TTY)

This flyer is available in accessible formats on request by calling
1-800-669-3362 (voice), 1-800-800-3302 (TTY) or 1-301-206-9789 (fax).



# WHAT YOU SHOULD KNOW BEFORE YOU FILE A CHARGE WITH EEOC

## WHAT DOES THE EEOC DO?

The EEOC is a law enforcement agency that investigates or looks into claims that employers, employment agencies or labor organizations discriminated against employees or applicants because of their race, color, religion, sex, pregnancy, national origin, age (40 or older), disability, or genetic information. The EEOC often tries to settle these claims with the help of a mediator. Sometimes, the EEOC takes cases to court. The EEOC does not charge a fee to investigate, mediate or litigate charges. The EEOC also educates employers, employees and the public about job discrimination.

## WHAT IS THE FIRST STEP?

If you believe you have experienced job discrimination, you should contact us. We will ask you why you believe the employer discriminated against you. We may ask you to fill out a questionnaire. Be sure to give us any evidence you have to show that discrimination occurred. Based on your answers and the information you give us, we will tell you if your claim fits within the laws we enforce. In any case, you have the right to file a charge of job discrimination to keep your right to file in federal court.

## WHAT IS A CHARGE?

A charge is a signed, written complaint about a negative job action that you believe was based on your race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information. The charge requests that the EEOC or a state or local government agency with similar laws take action to remedy the discrimination. EEOC has a form for filing charges to make sure you give us the specific information needed in a charge. EEOC staff will assist you in writing your charge. We will ask you to read and sign it. You will receive a copy of the charge with a charge number.

## IS THERE A TIME LIMIT TO FILE A CHARGE?

You have either 180 or 300 days from the day you knew about the negative job action to file a charge. It depends on whether the employer is located in a place where a state or local government agency has laws similar to the EEOC's laws. We can help you figure out how much time you have. Act quickly to keep your rights by signing and filing a timely charge.

## DO YOU HAVE THE RIGHT TO A LAWYER?

You have the right to bring a lawyer with you when you talk to the EEOC but you do not have to have one. If you would like to have a lawyer speak for you with the EEOC, your lawyer must give us a letter that tells us he or she represents you. The EEOC cannot provide a lawyer for you and cannot pay for the cost of your lawyer.

## WHAT IS CONCILIATION?

When the EEOC finds that the employer probably violated the law, we invite you and the employer to try to settle the case. If the EEOC, you and the employer agree on how to settle your case, we will close the case. If the EEOC, you and the employer do not agree on how to settle your case, we will decide whether to file a lawsuit in federal court or whether to provide you with a letter or a notice of your right to sue so that you can file your own lawsuit. You then have 90 days to file suit in federal court.

## WHEN DOES THE EEOC LITIGATE?

In some cases, when the EEOC finds that the employer probably violated the law, we file a lawsuit in federal court. We get about 80,000 charges of discrimination each year but we only file about 325 lawsuits each year. When the EEOC decides whether to file a lawsuit, we look at how serious the violation is, what the legal issues are, and whether other people would benefit from the lawsuit. If we decide not to sue in your case, we will give you a right to sue letter so that you can file your own lawsuit in court. You then have 90 days to file suit.

## IS RETALIATION AGAINST THE LAW?

It is against the law for an employer to retaliate against you because you complained about job discrimination, because you gave evidence in a job discrimination matter, or because you filed a charge of job discrimination with the EEOC. If this happens to you, you should contact us as soon as possible to talk about whether you should file a retaliation charge.

## KEEP US INFORMED

Once you file a charge with the EEOC, you must tell us if you move or get a new phone number. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

## DO YOU HAVE MORE QUESTIONS?

You can find the answers to many of your questions on our website, www.eeoc.gov. You can access an interactive questionnaire at https://apps.eeoc.gov/eas to help you decide if the EEOC is the most appropriate agency to assist you. You can also find information on where to file an employment discrimination charge on our website.

**EEOC - San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
800-669-4000 (VOICE)
800-669-6820 (TTY)

This flyer is available in accessible formats on request by calling
1-800-669-3362 (voice), 1-800-800-3302 (TTY) or 1-301-206-9789 (fax).



# WHAT YOU SHOULD DO
## AFTER YOU HAVE FILED A CHARGE WITH EEOC

➢ *KEEP YOUR DOCUMENTS – BOTH PAPER AND ELECTRONIC*

Now that you have filed an EEOC charge, you must keep anything that might be evidence related to your charge. This includes *all* documents, communications, and electronic information that are potentially related to your EEOC charge, including the harm caused by the discrimination, and all records of your communications with the EEOC. Even if you are not sure whether the information is relevant to your discrimination claim, please do not throw it away or delete it.

---

➢ *WHAT INFORMATION MUST YOU KEEP?*

- **Paper documents**, such as:
  - Employee manuals, pay stubs, work schedules
  - Letters, memos, your notes
  - Pictures, drawings, charts, whether or not they contain words
- **Electronic information**, such as:
  - E-mails, text messages, tweets, and social media posts and pictures
  - Voice messages, video and sound recordings
  - Word processing documents, electronic calendar entries
- **Electronic memory on devices or the devices themselves**, such as:
  - Memory on computers, laptops, tablets, cell phones
  - Computers, laptops, tablets, cell phones
  - Do not delete, replace, alter, "wipe," or "clear" your computer hard drive, electronic tablet, or cell phone, and do not change or remove Internet posts, without retaining an electronic copy. If you dispose of any old computers, phones or devices, make sure you make and keep an electronic copy of all potentially relevant information on the device.
- These are some examples and not a complete list.
- If you have questions about what you should or should not do, please contact your investigator.

---

*Why must you keep this information?* It might be evidence related to your charge. We are required by the courts to ensure that all potentially relevant information is retained. **Please note that failure to keep these records may cause you to lose your case, or to lose the right to recover money lost due to the discrimination.**

*What happens to your information?* Your investigator will discuss with you what information is needed by the EEOC to investigate your charge. Information that you provide that happens to be private or personal in nature will not be disclosed by the EEOC during its investigation, and if the EEOC files suit on your charge, we will do our best to keep such information out of the court proceedings.

*Please see page 2 for additional important information.*

San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Toll Free (800) 408-4075
TTY (210) 281-7610
Investigation Fax (210) 281-2522
Mediation Fax (210) 281-2512
http://www.eeoc.gov

Dallas District Office
  San Antonio Field Office
  El Paso Area Office

## CHARGING PARTY
## REQUEST FOR A COPY OF
## THE POSITION STATEMENT

DATE: _____          CHARGE NUMBER: _451 - 2018 - 00036_

The Position Statement, or Statement of Position, is the employer's initial response to your allegations of employment discrimination. EEOC's policy is to release the position statement and non-confidential documents if you or your legal representative requests a copy. Please indicate below if you wish to receive a copy of the position statement and non-confidential attachments. We prefer to provide this documentation to you by transmitting it to you via e-mail. However, a copy will be mailed to you, or transmitted to you via facsimile (fax) if sending it to you via e-mail is not possible.

## DO YOU WISH TO RECEIVE A COPY OF THE STATEMENT OF POSITION?

YES _____

NO _____

_Please complete the box, regardless of the option selected above:_

| |
|---|
| Name: _Ms. Kathie M. Cutrer_ |
| Address: _1516 Sandy Beach Road_ City/State/Zip: _Azle, Texas 76020_ |
| Phone: _(817) 304-3612_          Fax Number: |
| Email:                           Fax Number: |
| _If you have representation, please provide the following information:_ |
| Representative's Name: _Joshua Graham_          Phone: _(817) 789-4000_ |
| _635_ |
| Representative's Address: _Water Garden Place   100 E. 15th Street, Suite_ |
| Representative's City/State/Zip: _Fort Worth, Tx 76102_ Fax: |
| Representative's Email: |
| Please ensure the attorney representing you faxes or mails a letter of representation to us. |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHIE CUTRER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. 4 :18-cv-00159-O |
| | § | |
| TARRANT COUNTY LOCAL | § | |
| WORKFORCE DEVELOPMENT | § | |
| BOARD d/b/a TARRANT COUNTY | § | |
| WORKFORCE SOLUTIONS, AND | § | |
| INSPERITY INC., | § | Hon. Reed O'Connor |
| | § | |
| | § | |
| *Defendants.* | § | |

## AFFIDAVIT OF JOSHUA STEWART GRAHAM

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

**BEFORE ME,** the undersigned Notary Public, on this day personally appeared Joshua Stewart Graham, whom after being duly sworn, stated under oath as follows:

"My name is Joshua Stewart Graham, and I am the Attorney for the Plaintiff. Kathie Cutrer. On or about October 20, 2017, I met with Ms. Cutrer in my office to complete and sign the *EEOC Charge of Discrimination Form*. The *EEOC Charge of Discrimination Form* was completed that day, postmarked October 20, 2017, and sent via U.S. Mail."

*Affidavit of Joshua Graham* *Page 1 of 2*

AFFIANT SAYETH NOTHING FURTHER.

Joshua Stewart Graham

SIGNED AND SWORN TO before me on August 28, 2020 to which witness my hand and seal of office.

Notary Public in and for the State of Texas

AMEERA ELIZABETH HALLAQ
Notary Public, State of Texas
Comm. Expires 02-11-2024
Notary ID 12958743-7

EEOC Form 161 (11/16)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: Kathie M. Cutrer<br>1516 Sandy Beach Road<br>Azel, TX 76020 | From: San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2018-00036 | Monte L. Earwood, Jr.,<br>Investigator | (210) 281-7682 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Travis G. Hicks_                    11/21/2017

Enclosures(s)

**Travis G. Hicks,**
**Director**

(Date Mailed)

cc:
| Tracey Cummings<br>Work Force Systems Manager<br>TARRANT COUNTY WORKFORCE DEVELOPMENT<br>BOARD<br>1320 South Univeristy Drive<br>Fort Worth, TX 76107 | Joshua Graham<br>JOSHUA GRAHAM & ASSOCIATES, PLLC<br>Water Gardens Place<br>100 E. 15th Street, Suite 635<br>Fort Worth, TX 76102 |
|---|---|

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Kathie M. Cutrer**
      **1516 Sandy Beach Road**
      **Azle, TX 76020**

From:   **San Antonio Field Office**
        **5410 Fredericksburg Rd**
        **Suite 200**
        **San Antonio, TX 78229**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2017-01343** | **Sybil Edwards,** **Investigator** | **(210) 281-7654** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

4/24/2018

Enclosures(s)

**Travis G. Hicks,**
**Director**

*(Date Mailed)*

cc:

**TEXAS WORKFORCE SOLUTIONS**
**1320 South University Drive**
**Fort Worth, TX 76107**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

------------

No. 18-11092

------------

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2019

Lyle W. Cayce
Clerk

KATHIE CUTRER,

        Plaintiff - Appellant,

v.

TARRANT COUNTY LOCAL WORKFORCE DEVELOPMENT BOARD,
doing business as Tarrant County Workforce Solutions;
INSPERITY INCORPORATED,

        Defendants - Appellees.

------------

Appeal from the United States District Court
for the Northern District of Texas

------------

Before WIENER, GRAVES, and OLDHAM, Circuit Judges.[*]

ANDREW S. OLDHAM, Circuit Judge:

Kathie Cutrer worked for the Tarrant County Workforce Development Board d/b/a "Workforce Solutions" for 17 years. Workforce Solutions fired Cutrer six months before she would've been eligible for retirement. Cutrer sued for discrimination. Workforce Solutions says it's *basically* the State of Texas and hence enjoys state sovereign immunity. We disagree.

---

[*] Judges Wiener and Graves concur in the judgment only.

No. 18-11092

I.

The Texas Workforce Investment Act establishes a multi-tiered workforce development system. *See* TEX. GOV'T CODE §§ 2308.001–.403; *Arbor E & T, LLC v. Lower Rio Grande Valley Workforce Dev. Bd., Inc.*, 476 S.W.3d 25, 31 (Tex. App.—Corpus Christi 2013, no pet.). The top tier is the Texas Workforce Commission ("TWC"). TWC is "a state agency established to operate an integrated workforce development system in [Texas] . . . and to administer the unemployment compensation insurance program in [the] state." TEX. LAB. CODE § 301.001(a). The bottom tier is comprised of local workforce development boards, like Workforce Solutions.  Such local boards "plan and oversee the delivery of workforce training and services," and "evaluate workforce development in [their respective] workforce development area[s]." TEX. GOV'T CODE § 2308.253(a).

Under Texas law, the political leaders in a "workforce development area" can agree to create a local workforce development board. *See ibid.* Here, the "workforce development area" is Tarrant County, Texas. In 1996, three local government leaders in Tarrant County—the mayor of Fort Worth, the mayor of Arlington, and the county judge of Tarrant

[1]—agreed to create such a board. Today, that board does business as "Workforce Solutions." All or almost all of Workforce Solutions' employees are co-employed by a for-profit company called Insperity, Inc.

---

[1] The position of county judge is a remnant of Texas's time as part of Mexico. Title II, Section VII of the 1827 Constitution of the State of Coahuila and Texas established Ayuntamientos (town councils), charged with municipal administration. And under Article 159 of the 1827 Constitution, the council was to include "Alcades." "Alcade" is a Spanish term for a magistrate who performs both executive and judicial functions. Today, the county judge principally serves as the chief executive of a Texas county. *See* TEX. CONST. art. V, §§ 16, 18. But in keeping with the historical pedigree of the office, a county judge still performs some judicial functions. *See, e.g.*, TEX. EST. CODE § 1002.008(a)(1); TEX. HEALTH & SAFETY CODE §§ 571.012, 573.012.

No. 18-11092

Workforce Solutions hired Cutrer on May 29, 2000. (It is unclear from the record whether Cutrer was co-employed by Insperity.) Sometime around August 22, 2000, Cutrer was injured in a car accident. Those injuries included a broken neck, which required multiple surgeries and a double spinal fusion. For a time, Workforce Solutions accommodated Cutrer's well-documented disabilities. It stopped doing so in 2016. The same year, Workforce Solutions and Cutrer's supervisor allegedly engaged in various acts of discrimination.

Then Workforce Solutions fired Cutrer. The parties agreed in writing to settle Cutrer's various complaints for $33,750. But, adding insult to injury, Workforce Solutions reneged on the settlement agreement, retroactively changed Cutrer's employment status from "voluntary termination" to "termination for poor job performance," and used her personal information in violation of the Fair Credit Reporting Act ("FCRA").

Cutrer sued both Workforce Solutions and Insperity for discrimination, retaliation, post-employment retaliation under the Americans with Disabilities Act ("ADA"), and for violations of the FCRA. Workforce Solutions moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the ground that it enjoys "sovereign immunity." The district court granted the motion. Cutrer timely appealed.[2]

## II.

Sovereign immunity has ancient origins.  It dates at least as far back as Bracton in the thirteenth century. *See, e.g.*, 2 BRACTON, DE LEGIBUS ET CONSUETUDINIBUS ANGLIAE 33 (George Woodbine ed., Samuel Thorne trans.

---

[2] The district court also granted Insperity's motion to dismiss under Rule 12(b)(6). Cutrer's opening brief says nothing about Insperity. So her claims against Insperity are forfeited. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are [forfeited]."); *see also Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 561 (5th Cir. 1997). We address only her claims against Workforce Solutions.

1968) (London 1569 ed., folio 5b, Bk. I, ch. 8); Louis L. Jaffe, *Suits Against Governments and Officers: Sovereign Immunity*, 77 HARV. L. REV. 1, 2 (1963) ("By the time of Bracton (1268) it was settled doctrine that the King could not be sued *eo nomine* in his own courts."). And it derives from the sovereignty of the King: "[T]he law ascribes to the king the attribute of *sovereignty*, or pre-eminence," which means he is "accountable to no man," and "no suit or action can be brought against [him], even in civil matters, because no court can have jurisdiction over him." 1 WILLIAM BLACKSTONE, COMMENTARIES *241–42; *see also* RICHARD H. FALLON, JR. ET AL., HART & WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 877–80 (7th ed. 2015) [hereinafter HART & WECHSLER].

At our Nation's Founding, one of the Anti-Federalists' concerns was whether the States would enjoy sovereign immunity in the new Article III courts. The States were laboring under more than $200 million in Revolutionary War debt. That made the Anti-Federalists worry that the State-Citizen Clause in Article III, § 2 would allow out-of-state citizens to use the federal courts to sue States and collect the debts. For example, Brutus said the State-Citizen Clause was "improper, because it subjects a state to answer in a court of law, to the suit of an individual." Brutus XIII (Feb. 21, 1788), *in* 2 THE COMPLETE ANTI-FEDERALIST 429 (Herbert Storing ed. 1981). Federal Farmer was blunter:

> How far it may be proper to admit a foreigner or the citizen of another state to bring actions against state governments, which have failed in performing so many promises made during the war, is doubtful: How far it may be proper so to humble a state, as to bring it to answer to an individual in a court of law, is worthy of consideration; the states are now subject to no such actions, and this new jurisdiction will subject the states, and many defendants to actions, and processes, which were not in the contemplation of the parties, when the contract was made; all engagements existing

No. 18-11092

> between . . . states and citizens of other states were made [with]
> the parties contemplating the remedies then existing on the laws
> of the states—and the new remedy proposed to be given in the
> federal courts, can be founded on no principle whatever.

Letters from the Federal Farmer III (Oct. 10, 1787), *in* 2 THE COMPLETE ANTI-FEDERALIST, *supra*, at 245.

As with so many of the Anti-Federalists' concerns, Hamilton tried to dismiss this one as "a supposition which has excited some alarm upon very mistaken grounds." THE FEDERALIST NO. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed., 1961). And Hamilton insisted the federal courts wouldn't *dare* entertain individuals' suits against the States: "It is inherent in the nature of [a State's] sovereignty not to be amenable to the suit of an individual *without its consent.*" *Ibid.* It took less than five years to prove Hamilton wrong. *See Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419 (1793).

That's how we got the Eleventh Amendment. *Principality of Monaco v. Mississippi*, 292 U.S. 313, 325 (1934) (noting the *Chisholm* "decision created such a shock of surprise that the Eleventh Amendment was at once proposed and adopted"). That Amendment prohibits an individual from suing a *foreign* state in federal court (as Chisholm had). Shortly after Congress gave the courts federal question jurisdiction in 1875, the Supreme Court held that sovereign immunity also prohibits an individual from suing his *home* state in federal court. *See Hans v. Louisiana*, 134 U.S. 1 (1890). From *Hans* to today, the Supreme Court has extended a broad host of immunities to States haled into federal court. *See, e.g.*, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67–72 (1996); *Monaco*, 292 U.S. at 329–30.[3]

---

[3] The text of the Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. That text says nothing about a suit brought by a citizen against her home state. *See, e.g.*, William Baude, *Sovereign Immunity and the*

No. 18-11092

But on the very same day the Court decided the canonical *Hans* case, it emphasized that state sovereign immunity does not protect a *political subdivision* of the State. *See Lincoln County v. Luning*, 133 U.S. 529 (1890). In that case, a federal court rendered judgment against a county and forced it to honor certain bonds and coupons. That's the very thing Brutus and Federal Farmer worried federal courts would do to *States* under Article III. But *Lincoln County* held that only the State is immune from suit in federal court:

> [W]hile the county is territorially a part of the state, yet politically it is also a corporation created by, and with such powers as are given to it by, the state. In this respect, it is a part of the state only in that remote sense in which any city, town, or other municipal corporation may be said to be a part of the state.

*Id.* at 530. The same rule has endured ever since. *See* HART & WECHSLER, *supra*, at 921.

*Lincoln County* makes this an open-and-shut case: Because Tarrant County, the City of Arlington, and the City of Fort Worth are not the State of Texas, they obviously cannot confer the State's sovereign immunity upon a board by interlocal agreement. They can't give what they don't have.

### III.

Workforce Solutions nonetheless insists it should be treated like the sovereign State of Texas—even though it's in no sense the sovereign. It rests

---

*Constitutional Text*, 103 VA. L. REV. 1, 6–7 (2017); John F. Manning, *The Eleventh Amendment and the Reading of Precise Constitutional Texts*, 133 YALE L.J. 1663, 1666 (2004). But a long line of precedent holds that "the Eleventh Amendment accomplished much more: It repudiated the central premise of *Chisholm* that the jurisdictional heads of Article III superseded the sovereign immunity that the States possessed before entering the Union." *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999); *see also Alden v. Maine*, 527 U.S. 706, 736 (1999) ("[T]he bare text of the Amendment is not an exhaustive description of the States' constitutional immunity from suit."). That immunity extends to States haled into *state* courts, *see Alden*, 527 U.S. at 759–60, and federal *non-courts* (like administrative agencies), *see Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 747 (2002).

6

No. 18-11092

that counterintuitive argument on the so-called "*Clark* factors," which derive from our decision in *Clark v. Tarrant County*, 798 F.2d 736 (5th Cir. 1986). Here too Workforce Solutions falls far short.

In *Clark*, we held that sovereign immunity applies not only to the State itself but also to "an arm of the state." *Id.* at 744. Then we identified six "factors" that influence our determination of whether something is an "arm of the state." *Ibid*. Those "factors" are:

> (1) "whether the state statutes and case law view the [entity] as an arm of the state";
>
> (2) "the source of the entity's funding, since an important goal of the Eleventh Amendment is the protection of state treasuries";
>
> (3) "the entity's degree of local autonomy";
>
> (4) "whether the entity is concerned primarily with local, as opposed to statewide, problems";
>
> (5) "whether the entity has the authority to sue and be sued in its own name"; and
>
> (6) "whether [the entity] has the right to hold and use property."

*Id.* at 744–45. No factor or combination of them is necessary. None is sufficient. And *Clark* says nothing about how to "balance" them. As Justice Scalia once pointed out in similar circumstances, "the scale analogy is not really appropriate, since the interests on both sides are incommensurate. It is more like judging whether a particular line is longer than a particular rock is heavy." *Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 486 U.S. 888, 897 (1988) (Scalia, J., concurring in judgment). Such "tests" have all the precision of a blunderbuss.

Still, we've made two things clear. First, an entity that asserts sovereign immunity under *Clark* bears the burden of demonstrating that it's an "arm of the state." *See, e.g.*, *Skelton v. Camp*, 234 F.3d 292, 297 (5th Cir. 2000) (collecting cases). And second, *Clark*'s money factor deserves "the most

7

weight." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 596 (5th Cir. 2006). So we've given Workforce Solutions multiple opportunities to carry its burden.[4] And we've endeavored at length to identify where Workforce Solutions would get the money to pay an adverse judgment in this case. That endeavor has been frustrating, to put it mildly.

In its brief on the merits, Workforce Solutions insists it is "*wholly* dependent on public funding." But it doesn't specify that "public funding" means *state* funds (as opposed to, say, local funds). And Workforce Solutions' annual report suggests it receives $486,185 in "Other Fund Sources" that are not tethered to any public fisc (federal, state, or local).

Workforce Solutions also relies upon a declaration from its general counsel. The declaration says: "Any judgment against Workforce Solutions could put funds from the state treasury at risk." That's a bold claim. And you might wonder how or why it's true. Unfortunately, the general counsel does not elaborate. And it's not self-evident from the record how or why a judgment against a local board formed by interlocal agreement could or would be passed through to the State. Workforce Solutions concedes the State appropriates zero dollars directly to it or any other local development board. Workforce Solutions

---

[4] Workforce Solutions moved to dismiss Cutrer's complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and it contends *Cutrer* bears the burden of proving Workforce Solutions is not entitled to sovereign immunity. It's unclear whether and to what extent the Eleventh Amendment deprives a federal court of subject-matter jurisdiction to hear a case that arises under a federal statute. *Compare* Caleb Nelson, *Sovereign Immunity as a Doctrine of Personal Jurisdiction*, 115 HARV. L. REV. 1559, 1615–17 (2002) (arguing that the Eleventh Amendment deprives federal courts of subject-matter jurisdiction only over diversity cases against States, and that sovereign immunity should be available as a personal-jurisdiction defense in all other cases), *with* Lawrence C. Marshall, *Fighting the Words of the Eleventh Amendment*, 102 HARV. L. REV. 1342, 1347 (1989) (arguing that the Eleventh Amendment stripped the courts of the power to hear all suits between the categories of parties listed in the Amendment, including those cases relying on federal-question jurisdiction). Regardless of which party bears the burden, however, Workforce Solutions is not entitled to sovereign immunity for the reasons explained below.

does not identify a single instance in the past where the State appropriated more than zero dollars to pay a judgment against a local board. Nor does Workforce Solutions explain how or why the State would or could do so in the future.

Given these ambiguities, we gave Workforce Solutions a final opportunity to explain its avowed entitlement to sovereign immunity. After argument, we asked for a supplemental brief explaining, *inter alia*, where Workforce Solutions would get the money to pay a judgment for Cutrer. Workforce Solutions filed a supplemental brief. But again, it raises more questions than it answers. For example, Workforce Solutions says: "*Potential* funding sources to pay an adverse judgment *might* include: A special appropriation of the Texas Legislature; or Execution on the judgment by the judgment-creditor-plaintiff on local bank accounts maintained by the Board." (emphases added). Might they include something else? What basis is there for speculating that they include these two potentialities? Heaven only knows.

All of this is made more bewildering by the fact that Workforce Solutions previously agreed in writing to pay Cutrer $33,750. Where did it plan to get that money? If all of its money somehow really belongs to the State of Texas, did the State have to agree to that payment? And regardless, what law would give Workforce Solutions the power to move its purportedly public money from the State treasury to Cutrer's bank account in the absence of a judgment? Again, Workforce Solutions won't say.[5] "It is a riddle, wrapped in a mystery,

---

[5] Workforce Solutions simply insists the State would, if necessary, readily pay a judgment or settlement in this case. But, as far as we know, that's not how Texas government works. The General Appropriations Act requires every penny that leaves the State treasury to be spent according to authorized purposes. *See* GENERAL APPROPRIATIONS ACT, 85th Leg., R.S., art. IX-1, § 1.01, Legislative Intent ("It is the purpose of the Legislature in enacting this bill only to appropriate funds and to restrict and limit by its provisions the amount and conditions under which the appropriations can be expended."). Judgments and settlements are no exception. *See id.*, art. IX-77, § 16.04, Judgments and Settlements. For one, both the

inside an enigma." Winston Churchill, *The Russian Enigma* (BBC Broadcast, Oct. 1, 1939).

But when it comes to satisfying a burden of proof, enigmas won't cut it. A local board cannot invoke the ancient and august protections reserved to the sovereign while steadfastly refusing to explain or identify how or why a money judgment *would in fact* affect the sovereign. A party cannot carry its burden of proof with equivocation and obfuscation.

\*     \*     \*

Workforce Solutions is not the State of Texas. It's a local board in Tarrant County. We suppose it's possible that judgments against such a local entity could implicate the State's treasury. But it's not possible for such a local entity to hide behind sovereign immunity when its briefs and the record reveal no basis for it. If Workforce Solutions wants to be treated like the State of Texas, it must explain why it *is* (for present purposes) the State of Texas.

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

---

Governor and the Attorney General must authorize the payment. *Id.* § 16.04(b)(1). And the Attorney General must be satisfied that there was a valid "waiver of sovereign immunity or [a] legislative resolution granting [the] litigant permission to sue." *Id.* § 16.04(e)(8). We have no evidence that the Attorney General approved the later-withdrawn settlement with Cutrer, or that any state official thinks Workforce Solutions is entitled to pay its judgments with appropriated funds. If there's another way to pay the settlement with the State's money, again, Workforce Solutions doesn't tell us.