## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHIE CUTRER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA NO. 4:18-CV-00159-O |
| | § | |
| TARRANT COUNTY LOCAL WORKFORCE | § | |
| DEVELOPMENT BOARD D/B/A TARRANT | § | |
| COUNTY WORKFORCE SOLUTIONS [*SIC*], | § | |
| AND INSPERITY, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

## WORKFORCE SOLUTIONS' OPPOSED MOTION TO MODIFY SCHEDULING ORDER (AND REQUEST FOR EXPEDITED CONSIDERATION), AND MEMORANDUM IN SUPPORT

## <u>MOTION</u>

Pursuant to *Fed. R. Civ. P.* 16(b)(4), Defendant respectfully moves for modification of the *Scheduling Order* (Docket No. 32) by extending the discovery deadline until September 30, 2020, or until fourteen (14) days after the Court's order granting the motion, whichever is later, for the purpose of permitting the deposition of Plaintiff's counsel regarding the substance of the personal affidavit submitted by Plaintiff's counsel (Docket No. 65, pp. 42-43) in opposition to Defendant's motion for summary judgment. Additionally, Defendant respectfully requests that the Court order expedited briefing and hearing of the motion, so the motion may be determined expeditiously and the deposition may take place before September 30, 2020. The motion is based on the following grounds.

## A. THE RELEVANT ISSUE:

On **January 2, 2020**, the Court entered its *Scheduling Order* (Docket No. 32), which established a discovery deadline of August 7, 2020.

As the Court knows from the summary judgment briefing, Defendant contends Plaintiff failed to exhaust administrative remedies regarding any of the three "causes of action" alleged in the *Complaint*. In particular regarding the "Third Cause of Action" (post-employment retaliation), Defendant contends Plaintiff failed to file with the EEOC any sworn, verified administrative charge concerning that retaliation claim.

## B. DEFENDANT'S DUE DILIGENCE EXERCISED BEFORE THE DISCOVERY DEADLINE:

*Before the August 7, 2020, discovery deadline*, the evidence known to Defendant relevant to the exhaustion claim regarding the "Third Cause of Action" consisted of the following:

1. Through an OPEN RECORDS ACT request, Defendant obtained a copy of the file of the Texas Workforce Commission ("TWC") regarding Plaintiff. That file reflected that on May 17, 2017, Plaintiff's attorney had faxed an *unsworn* complaint form to the TWC, alleging retaliation (App. Ex. 38),[1] which the TWC had then referred to the EEOC for investigation. App. Ex. 39.

2. Through a FREEDOM OF INFORMATION ACT request, Defendant also obtained a copy of the EEOC's file regarding the unsworn retaliation complaint Plaintiff's counsel had faxed to the TWC. Suppl. Ex. 1.[2] The EEOC's file reflected:

> ➢ The EEOC drafted a proposed charge ("the Draft Charge") and on October
>   6, 2017, mailed it to Plaintiff's attorney with *repeated* requests in the cover

---

[1] Unless otherwise indicated, references to exhibits are to the exhibits contained in Defendant's *Appendix* in support of its motion for summary judgment, Docket No. 39.

[2] "Suppl. Ex." refers to exhibits contained in Defendant's *Supplemental Appendix* in support of its motion for summary judgment, Docket No. 68.

letter that Plaintiff sign and return it to the EEOC within 30 days, or the matter would be dismissed without investigation. App. Exs. 40, 41.

➢ The EEOC's cover letter (App. Ex. 40, pp. 98-99) stated, *inter alia* (emphasis added): "Sign and date the charge in the bottom left hand block *where I have marked an "X" and highlighted in yellow. . . ." See id.*, p. 100:



➢ But, Plaintiff failed to return a signed, verified charge to the EEOC. So, the EEOC dismissed the unperfected charge. App. Ex. 44. See Suppl Ex. 1, p. 5:

**From:** NORMA GUZMAN [mailto:NORMA.GUZMAN@EEOC.GOV]
**Sent:** Tuesday, December 12, 2017 10:50 AM
**To:** Ross, John
**Subject:** RE: 451-2018-00036 Kathie Cutrer vs. Tarrant County Workforce Dev. Board

Yes, we are processing the older charge and the newer charge was dismissed because the CP did not returned the signed charge within 30 days.

*Norma J. Guzman*
Enforcement Manager
(210)281-7617
(210)281-2522 (fax)
norma.guzman@eeoc.gov

3. In **January 2020**, Defendant served requests for production on Plaintiff. Request No. 9 expressly requested (emphasis added):

REQUEST NO. 9

*All correspondence*, email, text messages, *or other record of communications*, *e.g.,* notes of telephone communications, *etc.,* concerning (1) this case; (2) your allegations made in this litigation, or (3) Defendant, its officers, directors, partners or employees with:

. . . b. Any other governmental agency; *e.g., the EEOC*, Department of Labor, Immigration and Customs Enforcement, *TWC*, any state or local fair employment practices agency, *etc.*

*including* without limitation, *correspondence*, Intake Questionnaires, statements, affidavits, exhibits submitted in connection with *any discrimination charge, unfair labor practice charge, or claim, etc.*

4. On **February 27, 2020**, Plaintiff responded to the production request without objection and made her document production. The document production included multiple copies of the unsigned draft charge (Bates numbered by Plaintiff's attorney before production), including an apparent copy of the <u>*original*</u> Draft Charge *as received by Plaintiff's counsel from the EEOC,* <u>*because the document contained the original "x's" and yellow highlighting referenced in the EEOC's letter to Plaintiff's counsel*</u>*!!!* Sched. Order App. Ex. 1 (Docket No. 71):



5. On **March 3, 2020**, Defendant served additional interrogatories and requests for production on plaintiff. *See* Mot. Compel App. Exs. 3 and 4 (Docket No. 62, pp. 23-34). Those discovery requests included, *inter alia*:

> <u>Interrogatory No. 22</u>: "If you contend you perfected a Charge against Defendant of unlawful retaliation under the ADA, state the facts and basis on which you make such contention . . ."

> <u>Request for Production No. 42</u>: "All documents, if any, which you contend constitute a perfected Charge against Defendant of unlawful retaliation under the ADA."

> <u>Request for Production No. 46</u>: "The original EEOC letter received by your attorney."

6. Before the August 7, 2020, discovery deadline, despite repeated requests for document production and responses to this second set of discovery, Plaintiff's counsel failed and refused to respond.[3]

7. On **June 26, 2020**, Defendant filed its motion for summary judgment (Docket Nos. 38, 39), including summary judgment regarding Plaintiff's "Third [retaliation] Cause of Action" on the grounds that Plaintiff had failed to exhaust administrative remedies by failing to file a sworn, verified charge with the EEOC.

8. On **July 16, 2020**, Plaintiff's counsel filed a motion for a 30 day extension of time to respond to the motion for summary judgment (Docket No. 42)—a date *after* the August 7, 2020, discovery deadline. The Court granted and extension until July 31, 2020. Docket No. 43.

9. On **July 30, 2020**, Plaintiff's counsel filed a second motion for extension of time to respond to the motion for summary judgment (Docket No. 46)—again, to a date *after* the discovery deadline.

10. The next day, **July 31, 2020**, Plaintiff's counsel filed an *Amended Request to Strike Deemed Admissions*. Docket No. 47. In that motion, Plaintiff's represented to the Court and Defendant (Docket No. 47, p. 3 (emphasis added)) that he had "*diligently obtained answers to Defendant's Request for Admission*," and attached copies of the responses to the motion. Those "diligently obtained" responses included the following admissions filed with the Court (Docket No. 47, p. 55 ; Docket No. 68, p. 42 (highlighting added)):

---

[3] Thus, pending before the Court is Defendant's motion to compel. Docket No. 55.

**REQUEST NO. 21**

The DRAFT CHARGE is not a PERFECTED Charge.

**RESPONSE:** Admit

**REQUEST NO. 22**

You never signed the DRAFT CHARGE.

**RESPONSE:** Admit

**REQUEST NO. 23**

You never PERFECTED the DRAFT CHARGE.

**RESPONSE:** Admit

**REQUEST NO. 24**

The DRAFT CHARGE remains an UNPERFECTED Charge.

**RESPONSE:** Admit

## C. CONDUCT OF PLAINTIFF'S COUNSEL AFTER THE CLOSE OF DISCOVERY:

On **August 28, 2020**—*three weeks under the close of discovery*—Plaintiff's counsel filed his affidavit with this Court (Docket No. 65, p. 42) in which he claims (contrary to all of the foregoing evidence, including his own "diligently obtained" admissions):

> "My name is Joshua Stewart Graham, and I am the Attorney for the Plaintiff. Kathie Cutrer. On or about October 20, 2017, I met with Ms. Cutrer in my office to complete and sign the *EEOC Charge of Discrimination Form.* The *EEOC Charge of Discrimination Form* was completed that day, postmarked October 20, 2017, and sent via U.S. Mail."

However:

➢ Plaintiff's counsel provided no evidence to support the alleged *signing* of the Draft Charge, *e.g.*, a *copy* of the signed document from his records,

contemporaneous time/billing records reflecting the alleged meeting between himself and Plaintiff, *etc.*[4]

➢ Plaintiff's counsel provided no evidence to support the alleged *mailing* of a signed Draft Charge, *e.g.*, a copy of a *cover letter* from him to the EEOC, a certified mail or other postage receipt, *etc.*[5]

➢ If the events described in Plaintiff's counsel's affidavit occurred, those facts should have been disclosed months ago—long before the discovery deadline and long before Defendant filed its motion for summary judgment—in response to Interrogatory No. 22.

➢ Plaintiff's counsel has *still* refused to respond to the second set of interrogatories and requests for production, served six months ago today.

For the foregoing reasons (and as explained in the *Memorandum*, below) good cause exists for modifying the *Scheduling Order* to permit the deposition of Plaintiff's counsel. Defendant plainly exercised due diligence in developing the case, conducting discovery before the discovery deadline, and filing its motion for summary judgment and until receipt of the sham affidavit of Plaintiff's counsel had no reason whatsoever to question the self-evident facts from the EEOC file that Plaintiff had failed to file a sworn charge with the EEOC.

---

[4] In fact, as previously noted, the only copy of the Draft Charge Plaintiff has produced in discovery is *the original, unsigned Draft Charge as Plaintiff's counsel received it from the EEOC—including the EEOC investigator's "x's" and yellow highlighting!!!* Sched. Order App. Ex. 1 (Docket No. 71). If a signed document exists, it should have been produced months ago—long before the discovery deadline and long before Defendant filed its motion for summary judgment—in response to Request for Production No. 9. Any such document would also have been expressly called for by Request for Production No. 42, served six months ago and still unanswered.

[5] If any such documents exist, they should have been produced months ago—long before the discovery deadline and long before Defendant filed its motion for summary judgment—in response to Request for Production No. 9.

7

No other deadlines will be adversely affected by the modification. Trial is not scheduled until January 2021, and pretrial materials are not required until December. Docket No. 32.

Accordingly, Defendant respectfully requests the *Scheduling Order* be modified by extending the discovery deadline for the limited purpose of allowing Defendant to take the deposition of Plaintiff's attorney.

## MEMORANDUM IN SUPPORT

### THE APPARENT SHAM AFFIDAVIT OF PLAINTIFF'S COUNSEL AND THE APPARENT DECEPTION PRACTICED BY PLAINTIFF'S COUNSEL ON THE COURT AND DEFENDANT NECESSITATE THE DEPOSITION OF PLAINTIFF'S COUNSEL (OR A RULE 11(C)(3) HEARING).

The Court need look no further for a concise summary of the law applicable to Defendant's motion than this Court's own recent opinion in *Chandler v. Phoenix Services*, 2020 WL 487503 (Jan. 30, 2020) (granting motion to disqualify counsel and compelling attorney's deposition). Although federal courts generally disfavor the practice of deposing a party's attorney, *id.*, (citing *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999)), such depositions are allowed when "'(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.'" *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 2009 WL 2174925, at 2 (E.D. Tex. July 21, 2009) (quoting *Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir. 1999)). All three factors are plainly present in this case.

First, no other means exist to obtain the information regarding the alleged signing *and mailing* of the Draft Charge, as alleged in opposing counsel's affidavit. Although it is *possible* Plaintiff might remember a nearly three-year-old meeting and could testify regarding having *signed* the Draft Charge—that

currently is an unknown in as much as Defendant has not, yet, been able to take Plaintiff's deposition—based on counsel's affidavit, only Plaintiff's attorney would be able to testify regarding, *inter alia*, what, if anything, allegedly happened to the Draft Charge after it was supposedly signed, why he has not been able to provide a copy of the supposedly signed document, why the *original* unsigned yellow-highlighted copy received from the EEOC remains in his file, why he is unable to produce a cover letter for allegedly having returned a verified charge to the EEOC, what, if any, documentary evidence does he possess to corroborate his naked claim of mailing, what billing records does he have regarding the alleged client meeting, if the events alleged in his affidavit occurred why did he represent to the Court and the Defendant *just one week before the discovery deadline* that he had "diligently obtained" responses to Requests for Admission Nos. 22-24 and admitted Plaintiff had not signed the Draft Charge which still remained unperfected, why did he wait until *three weeks after the discovery deadline* to disclose the alleged facts in his affidavit instead of answering Interrogatory No. 22, *etc.*, *etc.*, *etc.*?[6]

Second, the information sought is plainly relevant and non-privileged. It is potentially directly relevant to Defendant's failure-to-exhaust-administrative-remedies defense—as evidenced by the fact that Plaintiff's counsel believed the information in his affidavit to be sufficiently relevant to compel him to submit it to the Court in opposition to Defendant's motion for summary judgment and cite his affidavit in Plaintiff's brief in opposition to the motion. The information is also

---

[6] In lieu of a deposition by Defendant, the Court may well want to consider *sua sponte* holding an evidentiary hearing concerning these questions (and others), pursuant to *Fed. R. Civ. P.* 11(c)(3), and obtaining answers directly from Plaintiff's counsel under oath in open court.

non-privileged. The information sought does not involve disclosure of attorney client communications or work product.

Third, if the Court denies Defendant's motion for summary judgment regarding Plaintiff's "Third Cause of Action," whether Plaintiff exhausted administrative remedies regarding that claim will become a jury question for trial. Thus, the information sought would be crucial to trial preparation.

Fourth, the information sought will be relevant in determining whether disqualification of Plaintiff's counsel will be necessary under Tex. Discipl. Rules Prof'l Conduct, Rule 3.08(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2019) ("A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless. . . .").

## CONCLUSIONS AND REQUESTED RELIEF

For all of the forgoing reasons, good cause exists for limited modification of the *Scheduling Order* to extend the discovery deadline until September 30, 2020, or fourteen (14) days after entry of the Court's *Order* granting the motion, for the limited purpose of being able to take the deposition of Plaintiff's counsel. Defendant respectfully requests that the Court order expedited briefing of the motion, consider holding a prompt hearing on the motion and, thereupon, the motion should be, in all things, **GRANTED**.

Respectfully Submitted,

*/s/ John L. Ross*

**JOHN L. ROSS**[7]
Texas State Bar No. 17303020
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Fax:          (214) 871-8209
Email:        jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I certify that after receiving Plaintiff's summary judgment response (including opposing counsel's affidavit) near midnight on August 28, 2020, between August 29-31, I had numerous communications with opposing counsel regarding, *e.g.*, his affidavit, the consequent necessity for his deposition, possible need to disqualify him as counsel, and requested dates for the deposition. He opposes giving his deposition.

*/s/ John L. Ross*
**JOHN L. ROSS**

**CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

---

[7] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.

**11**