IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHIE CUTRER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | NO. 4:18-cv-00159-O |
| | § | |
| TARRANT COUNTY LOCAL | § | |
| WORKFORCE DEVELOPMENT | § | |
| BOARD d/b/a TARRANT COUNTY | § | |
| WORKFORCE SOLUTIONS, AND | § | |
| INSPERITY INC., | § | Hon. Reed O'Connor |
| | § | |
| | § | |
| *Defendants.* | § | |

**MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S SUMMARY JUDGMENT REPLY (DOCKET 67)**

TO THE HONORABLE JUDGE REED O'CONNOR:

COMES NOW Kathie Cutrer and files this *Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Summary Judgement Reply* (Docket 67). Plaintiff requests that the Sur-Reply attached as Exhibit A be filed in the Court's record for the following reasons:

1. Defendant's *Reply* leaves out critical facts that the court should be aware of before making a decision on Defendant's *Motion for Summary Judgment*.

2. Defendant has accused and officer of this Court of dishonesty in its *Reply*, and in communications between counsel, has threatened Plaintiff's Counsel with "disbarment." Such allegations warrant a sur-reply.

Respectfully Submitted,

*[signature: Joshua Graham]*

Joshua Stewart Graham
SBN:  TX24080736

Joshua Graham Trial Lawyers
6924 Glenview Drive
North Richland Hills, Texas 76180
Telephone: 817-789-4000
Facsimile:  817-789-4001

*Counsel for Kathie Cutrer*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2020, an electronic copy of the foregoing brief was filed with the Clerk of Court for the United States District Court using the CM/ECF system, and that service will be accomplished by the same.

*[signature]*
Joshua Stewart Graham
Joshua Graham Trial Lawyers
6924 Glenview Drive
North Richland Hills, Texas 76180
Telephone: 817-789-4000
Facsimile:  817-789-4001

*Counsel for Kathie Cutrer*

## CERTIFICATE OF CONFERENCE

I certify that on September 8, 2020, I attempted to conference with Defendant's Counsel. Defendant's counsel responded but did not agree or disagree before this document was ready for filing.

                                                     Joshua Stewart Graham
                                                     Joshua Graham Trial Lawyers
                                                       6924 Glenview Drive
                                                       North Richland Hills, Texas 76180
                                                       Telephone: 817-789-4000
                                                       Facsimile:  817-789-4001

                                                       *Counsel for Kathie Cutrer*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHIE CUTRER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | NO. 4:18-cv-00159-O |
| | § | |
| TARRANT COUNTY LOCAL | § | |
| WORKFORCE DEVELOPMENT | § | |
| BOARD d/b/a TARRANT COUNTY | § | |
| WORKFORCE SOLUTIONS, AND | § | |
| INSPERITY INC., | § | Hon. Reed O'Connor |
| | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S SUMMARY JUDGMENT REPLY**

TO THE HONORABLE JUDGE REED O'CONNOR:

COMES NOW Kathie Cutrer and files this *Plaintiff's Sur-Reply to Defendant's Summary Judgement Reply* (Docket 67). Plaintiff requests that Plaintiff's *Motion for Summary Judgment* (Docket 37) be **Denied**.

### BACKGROUND

Defendant Workforce Solutions filed it *Motion for Summary Judgment* arguing six reasons why this Court should grant Summary Judgment. Workforce Solutions argues three primary reasons involving either alleged failure to exhaust administrative remedies or a legitimate basis for firing Ms. Cutrer and three

alternative reasons alleging that adequate time has passed for discovery and that there is insufficient evidence to support Ms. Cutrer's claim.

On August 14, 2020, this Court heard argument on all outstanding issues, including issues with the scheduling order and discovery that was not propounded because of an agreement between the parties to stay the case and Ms. Cutrer's surgery and medical condition, which precluded her from being able to adequately assist her counsel in answering discovery. This Court ordered Plaintiff's Counsel to respond to the primary issues regarding exhausting administrative remedies because those issue are dispositive; and then the Court would address the issues regarding discovery and the scheduling order later if necessary.

Plaintiff timely filed her *Response* (Docket 63) to Defendant's Motion for Summary Judgment (Docket 37), and Defendant timely filed its *Reply* (Docket 67). This *Sur-Reply* is narrowly tailored to address several arguments made in Defendant's *Reply* (Docket 67).

## ARGUMENT

### Plaintiff's Purported Admissions

The term "perfected charge" is nowhere to be found in statute, nor is it found in any document or communication from the Texas Workforce Commission or the EEOC to Ms. Cutrer or her counsel. The EEOC logs presented to this Court were obtained by Defendants via a Freedom of Information Act Request. Plaintiff had no knowledge of the logs before this lawsuit. Nor was Plaintiff privy to any actual communications between the EEOC and Defendant. What Plaintiff did have was a

letter from the EEOC stating that what she filed with the Texas Workforce Commission constituted a charge. *See* Exhibit A.

What Defendant has effectively done in its various requests for admission is attach to the requests two narrowing criteria (1) a definition of the words "Perfected Charge" that does not synthesize case law, EEOC regulations, or the words that the EEOC used in its correspondence to Ms. Cutrer; and (2) a copy of an unsigned "Draft Charge" as defined by Defendant. The questions asked by Defendant were narrowly tailored to suit its self-serving definition of a "Perfected Charge." Plaintiff answered the questions within the parameters provided by Defendant.

For example, without considering a rule-synthesized definition of what a "Perfected Charge" means, and *only* relying on Defendant's self-serving definition, Plaintiff had to answer "Admit" to Request No. 21 because the "Draft Charge" provided by Defendant did not comport to *Defendant's* self-serving definition of "Perfected Charge."

Likewise, in Request No. 22, Plaintiff admitted that she never signed the "Draft Charge" as provided by Defendant because looking at Defendant's exhibit, it was clear that it was not signed.

In Requests Nos. 23 and 24, Plaintiff again answers the question based on Defendant's self-serving definition of "Perfected Charge," which was not rule-synthesized to consider case law, the EEOC's regulations, or the written statements made to the Ms. Cutrer and her counsel.

**Plaintiff's Counsel's Affidavit**

Defendant calls the Affidavit of Joshua Graham a "sham." In fact, among the repeated threats of sanctions by Defendant's counsel, Defendant's counsel has threatened to have Plaintiff's counsel "disbarred" as a result of the Affidavit attached to the Plaintiff's *Response*.

On August 14, 2020, this Court held a hearing on all outstanding issue before the court. During this hearing, Plaintiff's counsel told the court that he made a calculated decision to close the law firm's downtown office in an attempt to continue operations and save the jobs of the Firm's employees during a statewide shutdown.

After the move, Plaintiff's counsel found record of meetings from years past, including a meeting with Plaintiff Kathie Cutrer. Plaintiff's counsel provided a statement via Affidavit that did not embellish in any way and revealed only the facts that could be gleaned as follows: (1) Counsel met with Ms. Cutrer; (2) the purpose of the meeting was to review the EEOC's Charge; (3) The form was completed; and (4) the form was mailed. In Plaintiff's *Reply*, she was candid about only having a copy of the form before it was filled out and not being able to locate a copy of the document that was mailed.

Defendant's conclusion that Plaintiff's Counsel's Affidavit is a "sham" is based on the supposition that Plaintiff held more information or explanation than was provided to the court. Plaintiff's Counsel does not. Plaintiff's Counsel's Affidavit was not presented as dispositive, nor should it be considered dispositive because the EEOC itself ratified the complaint forwarded by the Texas Workforce Commission as a valid charge—just not on the EEOC's own form, which is not required by statute.

Regardless of whether Ms. Cutrer signed and mailed the Charge, the EEOC instructed Ms. Cutrer that (1) the Charge it received from the Texas Workforce Commission was a charge; and (2) that if the EEOC did not receive its own form back, it could issue a right-to-sue letter, which it did.

## CONCLUSION

Defendant repeatedly denies that this Court has jurisdiction over any claims made against it. This Court has the power to provide disadvantaged Plaintiffs with equitable remedies considering the underlying circumstances. Ms. Cutrer was taken advantage of by an agency that had the power to discriminate against her, retroactively fire her, and then muddy the waters concerning her complaints, and deny her equal protection under the law. This Court has the power to level the field and remove the unfair advantage that Defendant has created for itself given its position with the Texas Workforce Commission and the EEOC. Plaintiff requests that this Court deny Defendant's *Motion for Summary Judgment.*

Respectfully Submitted,

_____
Joshua Stewart Graham
SBN: TX24080736

Joshua Graham Trial Lawyers
6924 Glenview Drive
North Richland Hills, Texas 76180
Telephone: 817-789-4000
Facsimile: 817-789-4001

*Counsel for Kathie Cutrer*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2020, an electronic copy of the foregoing brief was filed with the Clerk of Court for the United States District Court using the CM/ECF system, and that service will be accomplished by the same.

*[signature: Joshua Graham]*

Joshua Stewart Graham
Joshua Graham Trial Lawyers
6924 Glenview Drive
North Richland Hills, Texas 76180
Telephone: 817-789-4000
Facsimile:  817-789-4001

*Counsel for Kathie Cutrer*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Status Line: (866) 408-8075
San Antonio Direct Dial: (210) 281-2550
TTY (210) 281-7610
FAX (210) 281-7690

Kathie Marie Cutrer
c/o: Joshua Graham
Joshua Graham & Associates. PPC.
Water Gardens Place
100 E. 15th Street, Suite 635
Fort Worth, Texas 76102

Re: Charge Number 451-2018-00036

Dear: Ms. Cutrer:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[ ]   Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]   The Age Discrimination in Employment Act (ADEA)

[X]   The American with Disabilities Act (ADA)

[ ]   The Equal Pay Act (EPA)

The attached EEOC Form 5, Charge of Discrimination, was drafted based on the information provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form # 5 Charge of discrimination.
To enable proper handling of this action by the Commission, you should:

1. Review the enclosed Form #5 Charge. If there are any minor corrections to be made on the charge form, (for example, corrections regarding a date, name address, or a couple of words), please make the corrections by crossing out the incorrect information and inserting the correct information above or below the information which you have marked out, and placing your initials by each of the changes. If there are more substantial corrections, please contact me before correcting, signing and returning the charge form, so that I can determine if there is a need to revise the charge on the computer and mail it to you for your signature. If there are no corrections to be made, proceed to the next step.

2. Sign and date the charge in the bottom left hand block where I have made an "X" and high lighted in yellow. For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filing date.

3. Return the signed Form #5 Charge to this office. For your convenience, I have provided you with a postage paid return envelope. Please also read the enclosed brochure on mediation. If you are interested in mediating the charge please check the enclosed agreement and sign the attached second and third pages of the agreement to mediate located within the Mediation Brochure and include this agreement and the confidential agree to mediate with your Form #5 Charge of Discrimination. Before we initiate an

Charge Number 451-2018-00036                                         Page 2 of 2

investigation, we must receive your signed Charge of Discrimination (EEOC Form 5 Charge of discrimination). Please sign and return the charge within thirty (30) days from the date of this letter.

Under EEOC procedures, if we do not hear from you within 30 days, or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court.

Please note: that the Equal Employment Opportunity Commission (EEOC) does not have jurisdiction to investigate U.S. Federal Government agencies such as the VA. The EEOC does have jurisdiction to investigate state - local governments, private companies, and organizations.

After we receive your signed charge, the EEOC will send a copy of the charge to the state fair Employment Practice Agency (FEPA), the Texas Workforce Commission/Civil Rights Division (TWCCRD), for dual filing purposes. Therefore, it is not necessary that you file a charge with the TWCCRD, as only one agency will investigate your charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process. If you have any questions,
please call me at the number listed below. If you have to call long distance, please call collect.

10/06/2017
Date

Sincerely

*Monte L. Earwood*
Monte L. Earwood
EEOC, Investigator
(210) 281-7682
monte.earwood@eeoc.gov

Office Hours: Monday – Friday, 8:30 a.m. – 5:00 p.m.
www. Eeoc.gov
Enclosures (s)
    Copy of EEOC Form 5, Charge of Discrimination
    Mediation brochure and agreements (regular agreement and confidential agreement) to
    Mediate forms
    What you should know before you file a Charge with EEOC pamphlet
    Postage paid return envelope for the return of the form # 5 Charge of Discrimination.
    Charging Party request for a copy of the Position Statement.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>451-2018-00036 |
|---|---|---|

Texas Workforce Commission Civil Rights Division _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Kathie M. Cutrer | Home Phone (Incl. Area Code)<br>(817) 304-3612 | Date of Birth |
|---|---|---|

Street Address: 1516 Sandy Beach Road, Azle, TX 76020

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>TARRENT COUNTY WORKFORCE DEVELOPMENT BOARD | No. Employees, Members<br>Unknown | Phone No. (Include Area Code)<br>(817) 413-4400 |
|---|---|---|

Street Address: 1320 South University Drive, Fort Worth, TX 76107

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-17-2017   Latest: 04-19-2017
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I filed a discrimination charge with the EEOC and agreed to settle the dispute with my employer. In preparation to be terminated, I applied for Medicare coverage. But we were unable to settle the dispute after all because the Board's attorney refused to pay the settlement as a last ditch effort to retaliate against me. John L. Ross claimed that I had to prove that Medicare did not have a lien on the money. When I decided to rescind the settlement (as the contract allows) and return to work, the Boards attorney stated that I had already contractually resigned. Then Jill Navarrete sent me a letter that I was terminated for performance issues. This was a blatant attempt to retaliate against me for fling an EEOC complaint. There is no reason why I should be allowed to return to work except the Board does not want to accommodate my disability. I filed a complaint with the EEOC because the Board refused to give me an accommodation for my disability. When I would not agree to the settlement, they fired me for "performance" issues.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

X _____ Date    X _____ Charging Party Signature

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>451-2018-00036 |
|---|---|---|

Texas Workforce Commission Civil Rights Division _____ and EEOC
*State or local Agency, if any*

I believe I have been discriminated against based on my disability and subjected to retaliation for having filed a protected complaint in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>X _____   X _____<br>Date          Charging Party Signature | NOTARY – *When necessary for State and Local Agency Requirements*<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |
|---|---|



# WHAT YOU SHOULD KNOW BEFORE YOU FILE A CHARGE WITH EEOC

## WHAT DOES THE EEOC DO?
The EEOC is a law enforcement agency that investigates or looks into claims that employers, employment agencies or labor organizations discriminated against employees or applicants because of their race, color, religion, sex, pregnancy, national origin, age (40 or older), disability, or genetic information. The EEOC often tries to settle these claims with the help of a mediator. Sometimes, the EEOC takes cases to court. The EEOC does not charge a fee to investigate, mediate or litigate charges. The EEOC also educates employers, employees and the public about job discrimination.

## WHAT IS THE FIRST STEP?
If you believe you have experienced job discrimination, you should contact us. We will ask you why you believe the employer discriminated against you. We may ask you to fill out a questionnaire. Be sure to give us any evidence you have to show that discrimination occurred. Based on your answers and the information you give us, we will tell you if your claim fits within the laws we enforce. In any case, you have the right to file a charge of job discrimination to keep your right to file in federal court.

## WHAT IS A CHARGE?
A charge is a signed, written complaint about a negative job action that you believe was based on your race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information. The charge requests that the EEOC or a state or local government agency with similar laws take action to remedy the discrimination. EEOC has a form for filing charges to make sure you give us the specific information needed in a charge. EEOC staff will assist you in writing your charge. We will ask you to read and sign it. You will receive a copy of the charge with a charge number.

## IS THERE A TIME LIMIT TO FILE A CHARGE?
You have either 180 or 300 days from the day you knew about the negative job action to file a charge. It depends on whether the employer is located in a place where a state or local government agency has laws similar to the EEOC's laws. We can help you figure out how much time you have. Act quickly to keep your rights by signing and filing a timely charge.

## DO YOU HAVE THE RIGHT TO A LAWYER?
You have the right to bring a lawyer with you when you talk to the EEOC but you do not have to have one. If you would like to have a lawyer speak for you with the EEOC, your lawyer must give us a letter that tells us he or she represents you. The EEOC cannot provide a lawyer for you and cannot pay for the cost of your lawyer.

**WHAT IS CONCILIATION?**
When the EEOC finds that the employer probably violated the law, we invite you and the employer to try to settle the case. If the EEOC, you and the employer agree on how to settle your case, we will close the case. If the EEOC, you and the employer do not agree on how to settle your case, we will decide whether to file a lawsuit in federal court or whether to provide you with a letter or a notice of your right to sue so that you can file your own lawsuit. You then have 90 days to file suit in federal court.

**WHEN DOES THE EEOC LITIGATE?**
In some cases, when the EEOC finds that the employer probably violated the law, we file a lawsuit in federal court. We get about 80,000 charges of discrimination each year but we only file about 325 lawsuits each year. When the EEOC decides whether to file a lawsuit, we look at how serious the violation is, what the legal issues are, and whether other people would benefit from the lawsuit. If we decide not to sue in your case, we will give you a right to sue letter so that you can file your own lawsuit in court. You then have 90 days to file suit.

**IS RETALIATION AGAINST THE LAW?**
It is against the law for an employer to retaliate against you because you complained about job discrimination, because you gave evidence in a job discrimination matter, or because you filed a charge of job discrimination with the EEOC. If this happens to you, you should contact us as soon as possible to talk about whether you should file a retaliation charge.

**KEEP US INFORMED**
Once you file a charge with the EEOC, you must tell us if you move or get a new phone number. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

**DO YOU HAVE MORE QUESTIONS?**
You can find the answers to many of your questions on our website, www.eeoc.gov. You can access an interactive questionnaire at https://apps.eeoc.gov/eas to help you decide if the EEOC is the most appropriate agency to assist you. You can also find information on where to file an employment discrimination charge on our website.

**EEOC - San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
800-669-4000 (VOICE)
800-669-6820 (TTY)

This flyer is available in accessible formats on request by calling 1-800-669-3362 (voice), 1-800-800-3302 (TTY) or 1-301-206-9789 (fax).



# WHAT YOU SHOULD KNOW BEFORE YOU FILE A CHARGE WITH EEOC

## WHAT DOES THE EEOC DO?
The EEOC is a law enforcement agency that investigates or looks into claims that employers, employment agencies or labor organizations discriminated against employees or applicants because of their race, color, religion, sex, pregnancy, national origin, age (40 or older), disability, or genetic information. The EEOC often tries to settle these claims with the help of a mediator. Sometimes, the EEOC takes cases to court. The EEOC does not charge a fee to investigate, mediate or litigate charges. The EEOC also educates employers, employees and the public about job discrimination.

## WHAT IS THE FIRST STEP?
If you believe you have experienced job discrimination, you should contact us. We will ask you why you believe the employer discriminated against you. We may ask you to fill out a questionnaire. Be sure to give us any evidence you have to show that discrimination occurred. Based on your answers and the information you give us, we will tell you if your claim fits within the laws we enforce. In any case, you have the right to file a charge of job discrimination to keep your right to file in federal court.

## WHAT IS A CHARGE?
A charge is a signed, written complaint about a negative job action that you believe was based on your race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information. The charge requests that the EEOC or a state or local government agency with similar laws take action to remedy the discrimination. EEOC has a form for filing charges to make sure you give us the specific information needed in a charge. EEOC staff will assist you in writing your charge. We will ask you to read and sign it. You will receive a copy of the charge with a charge number.

## IS THERE A TIME LIMIT TO FILE A CHARGE?
You have either 180 or 300 days from the day you knew about the negative job action to file a charge. It depends on whether the employer is located in a place where a state or local government agency has laws similar to the EEOC's laws. We can help you figure out how much time you have. Act quickly to keep your rights by signing and filing a timely charge.

## DO YOU HAVE THE RIGHT TO A LAWYER?
You have the right to bring a lawyer with you when you talk to the EEOC but you do not have to have one. If you would like to have a lawyer speak for you with the EEOC, your lawyer must give us a letter that tells us he or she represents you. The EEOC cannot provide a lawyer for you and cannot pay for the cost of your lawyer.

## WHAT IS CONCILIATION?

When the EEOC finds that the employer probably violated the law, we invite you and the employer to try to settle the case. If the EEOC, you and the employer agree on how to settle your case, we will close the case. If the EEOC, you and the employer do not agree on how to settle your case, we will decide whether to file a lawsuit in federal court or whether to provide you with a letter or a notice of your right to sue so that you can file your own lawsuit. You then have 90 days to file suit in federal court.

## WHEN DOES THE EEOC LITIGATE?

In some cases, when the EEOC finds that the employer probably violated the law, we file a lawsuit in federal court. We get about 80,000 charges of discrimination each year but we only file about 325 lawsuits each year. When the EEOC decides whether to file a lawsuit, we look at how serious the violation is, what the legal issues are, and whether other people would benefit from the lawsuit. If we decide not to sue in your case, we will give you a right to sue letter so that you can file your own lawsuit in court. You then have 90 days to file suit.

## IS RETALIATION AGAINST THE LAW?

It is against the law for an employer to retaliate against you because you complained about job discrimination, because you gave evidence in a job discrimination matter, or because you filed a charge of job discrimination with the EEOC. If this happens to you, you should contact us as soon as possible to talk about whether you should file a retaliation charge.

## KEEP US INFORMED

Once you file a charge with the EEOC, you must tell us if you move or get a new phone number. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

## DO YOU HAVE MORE QUESTIONS?

You can find the answers to many of your questions on our website, www.eeoc.gov. You can access an interactive questionnaire at https://apps.eeoc.gov/eas to help you decide if the EEOC is the most appropriate agency to assist you. You can also find information on where to file an employment discrimination charge on our website.

**EEOC - San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
800-669-4000 (VOICE)
800-669-6820 (TTY)

**This flyer is available in accessible formats on request by calling
1-800-669-3362 (voice), 1-800-800-3302 (TTY) or 1-301-206-9789 (fax).**



# WHAT YOU SHOULD DO AFTER YOU HAVE FILED A CHARGE WITH EEOC

## ➤ KEEP YOUR DOCUMENTS – BOTH PAPER AND ELECTRONIC

Now that you have filed an EEOC charge, you must keep anything that might be evidence related to your charge. This includes *all* documents, communications, and electronic information that are potentially related to your EEOC charge, including the harm caused by the discrimination, and all records of your communications with the EEOC. Even if you are not sure whether the information is relevant to your discrimination claim, please do not throw it away or delete it.

> ### ➤ WHAT INFORMATION MUST YOU KEEP?
> - **Paper documents**, such as:
>   - Employee manuals, pay stubs, work schedules
>   - Letters, memos, your notes
>   - Pictures, drawings, charts, whether or not they contain words
> - **Electronic information**, such as:
>   - E-mails, text messages, tweets, and social media posts and pictures
>   - Voice messages, video and sound recordings
>   - Word processing documents, electronic calendar entries
> - **Electronic memory on devices or the devices themselves**, such as:
>   - Memory on computers, laptops, tablets, cell phones
>   - Computers, laptops, tablets, cell phones
>   - Do not delete, replace, alter, "wipe," or "clear" your computer hard drive, electronic tablet, or cell phone, and do not change or remove Internet posts, without retaining an electronic copy. If you dispose of any old computers, phones or devices, make sure you make and keep an electronic copy of all potentially relevant information on the device.
> - These are some examples and not a complete list.
> - If you have questions about what you should or should not do, please contact your investigator.

*Why must you keep this information?* It might be evidence related to your charge. We are required by the courts to ensure that all potentially relevant information is retained. **Please note that failure to keep these records may cause you to lose your case, or to lose the right to recover money lost due to the discrimination.**

*What happens to your information?* Your investigator will discuss with you what information is needed by the EEOC to investigate your charge. Information that you provide that happens to be private or personal in nature will not be disclosed by the EEOC during its investigation, and if the EEOC files suit on your charge, we will do our best to keep such information out of the court proceedings.

*Please see page 2 for additional important information.*

Page 1

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Toll Free (866) 408-8075
TTY (210) 281-7610
Investigation Fax (210) 281-2522
Mediation Fax (210) 281-2513
http://www.eeoc.gov

Dallas District Office
  San Antonio Field Office
  El Paso Area Office

## CHARGING PARTY
## REQUEST FOR A COPY OF
## THE POSITION STATEMENT

DATE: _____     CHARGE NUMBER: 451-2018-00036

The Position Statement, or Statement of Position, is the employer's initial response to your allegations of employment discrimination. EEOC's policy is to release the position statement and non-confidential documents if you or your legal representative requests a copy. Please indicate below if you wish to receive a copy of the position statement and non-confidential attachments. We prefer to provide this documentation to you by transmitting it to you via e-mail. However, a copy will be mailed to you, or transmitted to you via facsimile (fax) if sending it to you via e-mail is not possible.

### DO YOU WISH TO RECEIVE A COPY OF THE STATEMENT OF POSITION?

YES _____

NO _____

*Please complete the box regardless of the option selected above:*

| | |
|---|---|
| Name: Ms. Kathie M. Culver | |
| Address: 1516 Sandy Beach Road  City/State/Zip: Azle, Texas 76020 | |
| Phone: (817) 304-3612    Fax Number: | |
| Email:                    Fax Number: | |
| *If you have representation, please provide the following information:* | |
| Representative's Name: Joshua Graham    Phone: (817) 789-4000 | |
| Representative's Address: Water Garden Place 100 E. 15th Street, Suite 635 | |
| Representative's City/State/Zip: Fort Worth, TX 76102   Fax: | |
| Representative's Email: | |
| Please ensure the attorney representing you faxes or mails a letter of representation to us. | |