IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHIE CUTRER, | § § | |
| PLAINTIFF, | § § | |
| VS. | § § | CA No. 4:18-cv-00159-O |
| TARRANT COUNTY LOCAL WORKFORCE DEVELOPMENT BOARD D/B/A TARRANT COUNTY WORKFORCE SOLUTIONS [*SIC*], AND INSPERITY, INC., | § § § § § § | |
| DEFENDANTS. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION (DOCKET NO. 76) FOR LEAVE TO FILE SUR-REPLY**

## ARGUMENT

Plaintiff's cursory, one-page motion—unsupported by citation of any authorities whatsoever—should be summarily, in all things, **DENIED** for the following reasons:

***First***, before filing the motion, Plaintiff made no attempt whatsoever to conference the motion, as required by Local Rule 7.1, and the motion fails to contain any certificate of conference. The purpose of the conference requirement "is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Dondi Prop. Corp. v. Comm. S&L Assoc.,* 121 F.R.D. 284, 289 (N.D. Tex. 1988) (per curiam). It is not intended to be a "pro forma matter." *Martinez v. Neiman Marcus Group, Inc.,* 2005 WL 2179137, at 5 (N.D. Tex. Sept. 7, 2005) (quoting *Dondi*). "Properly utilized [the conference requirement]

1

promotes judicial economy while at the same time reducing litigants' expenses incurred for attorneys' time in briefing issues and in preparing and presenting pleadings." *Dondi, supra. See, e.g., Brown v. Bridges*, 2015 WL 11121361, at 4 (N.D. Tex. Jan. 30, 2015):

> Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere. Failure to confer generally serves as a basis for denying a discovery motion. (internal quotation marks and citations omitted).

*See also, e.g., Brown v. Bridges*, 2014 WL 2777373, at 2 (N.D. Tex. June 19, 2014):

> [T]he conference requirement is in place to require the parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention. The requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties, including *pro se* parties, that require all parties to engage in meaningful discussions in an attempt to resolve matters without court intervention. *See Dondi* [121 F.R.D. at 289-90].

*Accord, e.g., Seastrunk v. Entegris, Inc.*, 2017 WL 6406627, at 8 (N.D. Tex. Dec. 15, 2017).

> Genuine, good-faith efforts by the parties to resolve their disputes before seeking court intervention often result in greater control over the outcome, acceptable compromise, or appreciably narrowed issues; these efforts also result in cost savings for the litigants. Opposing parties will have reasonable disagreements throughout litigation that will require the Court's resolution. However, they must comply with Local Rule 7.1(a) in an earnest attempt to ensure that the issues presented are unbridgeable and supported by reasonable yet differing positions.

**Second**, sur-replies are highly disfavored in this district. *See, e.g., Bank of NY Mellon Tr. Co., Nat'l Ass'n as Tr. for Residential Asset Sec. Corp., et al. v. Meachum*, 2020 WL 3883573, at 4 (N.D. Tex. May 29, 2020) (Horan, M.J.), *rep. and recomm. adopted*, 2020 WL 3882964 (N.D. Tex. July 9, 2020) (Scholer, J.):

Sur-replies are highly disfavored and are permitted only in exceptional or extraordinary circumstances. *See Lacher v. West,* 147 F.Supp.2d 538, 539 (N.D. Tex. 2001). To meet its burden to show such circumstances, a party seeking leave to file a sur-reply brief must identify new issues, theories, or arguments that the movant raised for the first time in its reply brief or attempts to present new evidence at the reply stage. *See Weems v. Hodness*, 2011 WL 2731263, at 1 (W.D. La. July 13, 2011) (citing *Lacher,* 147 F. Supp. 2d at 539-40); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.,* 2003 WL 251318, at 8 (N.D. Tex. Feb. 3, 2003).

Because "the movant is entitled to file the last pleading, [s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher,* 147 F.Supp.2d at 539. But having the last word is the sole reason Meachum gives for seeking leave to file the sur-reply.

*Accord, e.g., Johnson v. Union Pac. R.R.,* 2018 WL 1388596, at 1 (N.D. Tex. Feb. 23, 2018) ("[S]ur-replies are 'highly disfavored' and are generally permitted in 'exceptional or extraordinary circumstances.' " *Highmark, Inc. v. Allcare Health Management Systems, Inc.,* (citing *Lacher v. West,* 147 F.Supp.2d 538, 539 (N.D. Tex. 2001)"), *rep. and recomm. adopted,* 2018 WL 1368924 (N.D. Tex. Mar. 15, 2018) (**O'Connor, J.**).

**_Third_**, Plaintiff's counsel will have ample opportunity in response to Docket No. 70—and the response is due tomorrow (*see* Docket No. 74)—to explain his mendacity in representing to the Court on July 31, 2020, that Plaintiff had never signed the Draft Charge sent to him by the EEOC; yet, less than a month later represented to the Court that Plaintiff had signed the Draft Charge and that the Charge had been mailed to the EEOC. *Compare* Plaintiff's representations to the Court, Docket No. 47, p. 55 (Responses to Requests for Admission Nos. 22-24), *with* Docket No. 65, p. 42).

**_Fourth_**, additionally, Plaintiff's counsel will have an opportunity to explain himself fully either: (1) during a hearing in open Court pursuant to *Fed. R. Civ.*

**3**

*P.* 11(c); and/or (2) during his deposition, if the Court grants Defendant's motion, Docket No. 70.

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, Plaintiff's motion should be, in all things, summarily **DENIED**.

Respectfully Submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**[1]
Texas State Bar No. 17303020
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Fax:        (214) 871-8209
Email:      jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

---

[1] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.