IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KATHIE CUTRER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  4:18-cv-00159-O |
| § | |
| TARRANT COUNTY WORKFORCE § | |
| DEVELOPMENT BOARD d/b/a § | |
| WORKFORCE SOLUTIONS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Workforce Solutions's ("Defendant") Motion for Summary Judgment, Brief, and Appendix in Support (ECF Nos. 37–39), filed June 26, 2020; Plaintiff Kathie Cutrer's ("Cutrer") Response (ECF Nos. 89–90), filed October 19, 2020; and Defendant's Reply (ECF No. 92), filed October 23, 2020. Having considered the motion, briefing, appendices, record, and applicable law, the Court finds that Defendant's Motion should be and is hereby **GRANTED**.

**I.    BACKGROUND**

On October 2, 2020, the Court issued its Memorandum Opinion and Order, granting in part and denying in part Defendant's Motion for Summary Judgment (ECF No. 37). Mem. Op. 21–22, ECF No. 86. The Court dismissed all but one of Cutrer's claims for her failure to exhaust administrative remedies and ordered the parties to brief the merits of Cutrer's remaining retaliation claim, now at issue. *Id.* Because the evidence and procedural posture remain unchanged, the Court incorporates by reference the factual recitation from its memorandum opinion into this order. *See*

*id.* at 1–7. The parties have briefed the merits of Cutrer's remaining retaliation claim, and the issue is now ripe for review.

## II. LEGAL STANDARD

The Court may grant summary judgment where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex*, 477 U.S. at 323. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing the evidence on a motion for summary judgment, courts must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. If there appears to be some support for disputed allegations, such that

"reasonable minds could differ as to the import of the evidence," the court must deny the motion. *Id.* at 250.

### III. ANALYSIS

#### A. Cutrer's *Prima Facie* ADA Retaliation Claim

Defendant argues that summary judgment is proper because Cutrer cannot demonstrate any protected activity for which Defendant retaliated. Mot. for Summ. J. 21, ECF No. 38; *see also* Def.'s Reply 2–3, 5–7, ECF No. 92. Cutrer maintains that her EEOC complaint and revocation of the settlement agreement were protected activities under the ADA. Pl's. Resp. 8–11, ECF No. 90. Specifically, Cutrer argues that revoking the settlement agreement caused Defendant to take adverse employment action against her, given that her termination was deemed "voluntary" before the settlement agreement and changed to "poor performance" after the revocation. *Id.*

The Americans with Disabilities Act of 1990 ("ADA") prohibits retaliation against an employee for protected conduct. 42 U.S.C. § 12203 (2018). An individual has engaged in protected activity when she "has opposed any act or practice made unlawful by this chapter or [when] such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." *Id.* To establish a *prima facie* ADA-retaliation claim, "a plaintiff must show that (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action." *Feist v. La. DOJ*, 730 F.3d 450, 454 (5th Cir. 2013) (citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)). To satisfy the causation element of a *prima facie* showing with temporal proximity alone, "temporal proximity must generally be 'very close.'" *Id.* (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001)).

Cutrer maintains that her revocation of the settlement agreement specifically caused Defendant's adverse employment action. Pl's. Resp. 8–11, ECF No. 90. Even if the Court accepts that Defendant's action amounted to adverse employment action, section 12203 of the ADA does not protect revocation of a settlement agreement, which, unlike, filing an EEOC complaint, is not action opposing unlawful activity under the ADA through participation in an ADA proceeding. *See Aguillard v. La. College*, 824 F. App'x 248, 251 (5th Cir. 2020) (citing § 12203).

Even if the Court finds that Cutrer's filing of the EEOC complaint can be the basis for her retaliation claim and was protected activity, the EEOC complaint predated Cutrer's firing by three months—creating an issue of causation. Without *any* additional evidence, relying on a three-month gap between protected activity and adverse employment action as "very close" temporal proximity is insufficient to show causation. *See Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020) (citations and internal quotations omitted) ("[A] six-and-a-half-week timeframe is sufficiently close, but [] a five month lapse is not close enough, without other evidence of retaliation, to establish the causal connection element of a *prima facie* case of retaliation."). Thus, because Cutrer's revocation was not protected activity and, even if her filing of her EEOC complaint was protected activity, she failed to present evidence of causation, the Court concludes that Cutrer failed to present a *prima facie* ADA-retaliation claim.

### B. *McDonnell Douglas* framework

Assuming, *arguendo*, that Cutrer's allegations establish a *prima facie* claim, Defendant contends that she does not provide substantial evidence of pretext to rebut any of Defendant's nondiscriminatory, alternative reasons for terminating her employment. Mot. for Summ. J., ECF No. 38; *see also* Def.'s Reply 5–7, ECF No. 92. Cutrer contends that the settlement agreement postdated each alternative nondiscriminatory instance of poor performance, so she need not rebut

Defendant's reasons. Pl.'s Resp. 10, ECF No. 90. For the following reasons, the Court accepts Defendant's contention.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "provides the appropriate burden-shifting analysis for claims of unlawful retaliation under the ADA" based on circumstantial evidence. *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1112 (5th Cir. 1998) (citations omitted). While courts have no duty "to sift through the record in search of evidence to support" a party's opposition to summary judgment,[1] the Court has reviewed the record and finds no direct evidence of retaliation—only circumstantial evidence. *See* Pl.'s Resp. 8–11, ECF No. 90. Thus, the Court now turns to the burden-shifting framework set forth in *McDonnell Douglas*, 411 U.S. at 792.

Under *McDonnell Douglas*, "[i]f the employee establishes a *prima facie* case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision." *Feist*, 730 F.3d at 454. "After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation[.]" *Id.* (citing *LeMaire v. Louisiana*, 480 F.3d 383, 388–89 (5th Cir. 2007)). "In order to avoid summary judgment, the plaintiff must show a conflict in substantial evidence on the question of whether the employer would not have taken the action 'but for' the protected activity." *Id.* (citation omitted). Temporal proximity alone is not sufficient evidence of pretext. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 240 (5th Cir. 2015). Instead, "[a]n employee seeking to show pretext must rebut each discrete reason proffered by the employer." *Id.* at 233 (noting temporal proximity can signal pretext but only "*because* [plaintiff] adduced other significant evidence of pretext" (emphasis in original)). "'[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason' for discharge." *Woodberry v. City of Wichita Falls*, No. 7:06–cv–206–

---

[1] *Jackson v. Tex. Workforce Comm'n*, No. 3:07-cv-01557O, 2009 WL 10704503, at *4 (N.D. Tex. Apr. 16, 2009) (quoting *Shotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

O–KA, 2008 WL 5231872, at *4 (quoting *Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991)).

Here, Defendant met its *McDonnell Douglas* burden of articulating legitimate, nondiscriminatory reasons for its adverse employment action, detailing instances of prior poor performance in support of its finding, including Cutrer's providing false information to other employees "in direct disregard for [director's] instructions." Def.'s App. at Exs. 3–4, 12–14, 16, 18–20, 32–33, 48–50, ECF No. 39; *see also* Def.'s Reply 7, ECF No. 92. Cutrer declined to rebut Defendant's reasons with substantial evidence because the settlement agreement postdated instances where Defendant was dissatisfied with her job performance. *See* Pl.'s Resp. 10, ECF No. 90. Cutrer's rebuttal contains no "specific facts," as required by Fed. R. Civ. Pro. 56(e). But without rebutting Defendant's nondiscriminatory justifications with substantial evidence of pretext for Defendant's adverse employment action despite two opportunities to do so, Cutrer's "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific acts [to] show a genuine [dispute] for trial[.]" *Woodberry*, 2008 WL 5231872, at *3 (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir.2002)); *accord Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

Even construing liberally Cutrer's arguments, failure to rebut nondiscriminatory alternatives is fatal to her employment discrimination claim. *See Burton*, 798 F.3d at 233 ("An employee seeking to show pretext must rebut each discrete reason proffered by the employer."). Accordingly, even assuming that Cutrer established a *prima facie* retaliation case, the Court finds that Cutrer failed to raise a genuine dispute of material fact in her opposition to summary judgment

by failing to meet her burden under *McDonnell Douglas* of rebutting each of Defendant's nondiscriminatory justifications for her firing.

Because Cutrer failed to demonstrate causation sufficient to show a *prima facia* case of retaliation and, even had she done so, she also did not rebut Defendant's nondiscriminatory justifications, the Court will grant Defendant's Motion for Summary Judgment (ECF No. 37).

## IV.     CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 37) as to the merits of Cutrer's remaining retaliation claim, which is hereby **DISMISSED with prejudice**. The Court will enter judgment separately in favor of Defendant Workforce Solutions pursuant to Federal Rule of Civil Procedure 58.

The Court **DENIES** Cutrer's alternative request to reopen discovery. Cutrer provided neither affidavit nor specific reasons justifying her desire for continuance, so the Court will not entertain her request for further discovery. *See Triple S. Props. Inc. v. St. Paul Surplus Lines Ins. Co.*, No. 3:08-cv-796-O, 2010 WL 11618277, at *7 (N.D. Tex. Apr. 20, 2010) (O'Connor, J.).

**SO ORDERED** on this **5th day** of **November, 2020.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE